**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-MD-03176-ALM**<br><br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    *Plaintiffs,*<br><br>        v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br><br>    *Defendants.* | Civil No. 4:26-CV-00380-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    *Plaintiffs,*<br><br>        v.<br><br>HANES TACTICAL, LLC and DAMION BENNETT,<br><br>    *Defendants.* | Civil No. 4:26-CV-00369-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    *Plaintiffs,*<br><br>        v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>    *Defendants.* | Civil No. 4:26-CV-00377-ALM |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br>    *Plaintiffs,* <br><br>       v. <br><br> HARRISON GUNWORKS LLC, and TYLER HARRISON, <br><br>   *Defendants.* | Civil No. 4:26-CV-00379-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br>    *Plaintiffs,* <br><br>       v. <br><br> STEVEN THANH NGUYEN, d/b/a POLYMER PEW, <br><br>   *Defendant.* | Civil No. 4:26-CV-00425-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br>    *Plaintiffs,* <br> v. <br> Z3 PRODUCTIONS, LLC, d/b/a Z3PRO, <br><br>   *Defendant.* | Civil No. 4:26-CV-00367-ALM |

## CERTAIN DEFENDANTS' MOTION FOR SCHEDULING ORDER(S)

Certain Defendants [1] represented by undersigned counsel (the "Moving Defendants") respectfully move for an order requiring the parties to submit either an agreed proposed scheduling order or competing proposed scheduling orders for the preliminary-injunction ("PI") proceedings.

---

[1] Moving Defendants are 80Mills LLC, Pearson Gardner, Hanes Tactical LLC, Damion Bennett, DNT LLC, Zach Morrow, Harrison Gunworks LLC, Tyler Harrison, Steven Nguyen, and Z3 Productions, LLC.

2

Based on the parties' meet-and-confer, Moving Defendants understand that Plaintiffs oppose this motion.

Good cause exists because Plaintiffs' PI filings are unusually broad and voluminous. Plaintiffs' brief in support of their consolidated PI motion is 53 pages. Plaintiffs rely on a 21-page liability expert declaration accompanied by 13 claim charts totaling 482 pages; a 37-page damages expert declaration with an additional 30 pages of appendices; and two additional witness declarations - one 22-page declaration with 24 exhibits comprising 195 pages, and one 7-page declaration with 41 exhibits totaling 511 pages. The materials therefore present well over 1,200 pages of briefing, expert evidence, declarations, appendices, claim charts, and exhibits for Defendants to evaluate. Plaintiffs also seek preliminary relief based on five patents, 34 allegedly infringed claims, and at least five accused products or product configurations against numerous defendants.

This motion does not ask the Court to decide any merits issue, discovery dispute, pleading dispute, or request for injunctive relief. It asks only for a brief, defined pause so the parties can coordinate a workable procedure for Rule 65 briefing and any related PI discovery in a multi-defendant, multi-patent MDL. If the parties cannot agree on one plan, Plaintiffs and Defendants can submit competing proposals, and the Court can decide how the PI proceedings should move forward.

## I.    BACKGROUND

1.    Plaintiffs ABC IP, LLC and Rare Breed Triggers, Inc. have filed multiple PI motions in this MDL. On April 27, 2026, Plaintiffs filed a PI motion against AS Designs, LLC in

3

*ABC IP, LLC v. AS Designs, LLC*, No. 4:26-cv-00370-ALM. Plaintiffs later filed a consolidated PI motion against numerous additional defendants in the MDL. (See MDL Dkt. #7[2]).

2.      The latest PI materials are not ordinary two-party motion practice. Plaintiffs' consolidated PI motion alone is supported by a 53-page brief, two expert declarations, extensive claim charts, two additional witness declarations, appendices, and dozens of exhibits. The technical liability submission includes a 21-page declaration and 13 claim chart exhibits totaling 482 pages. (MDL Dkt. #8). The damages submission includes a 37-page declaration and 30 additional pages of appendices. (MDL Dkt. #7-1). The additional witness submissions include a 22-page declaration with 24 exhibits comprising 195 pages (MDL Dkt. #7-2 to #7-26, and a 7-page declaration with 41 exhibits totaling 511 pages (MDL Dkt. #9 and #10). Those materials require defendant-specific review, client consultation, product analysis, expert consultation, and coordination among multiple defense groups.

3.      The scope of the requested relief further confirms that the default opposition period is unworkable. Plaintiffs seek preliminary relief based on five asserted patents, 34 allegedly infringed claims, and at least five allegedly infringing products or product configurations. Defendants must evaluate claim scope, infringement, noninfringement, invalidity, enforceability, irreparable harm, causal nexus, balance of equities, public interest, Rule 65(c) security, and the proper scope of any requested injunction.

4.      Several patents on which Plaintiffs seek preliminary relief are not presently part of the operative pleadings in all affected member actions. Plaintiffs' consolidated PI motion acknowledges pending motions for leave to amend complaints to add patents in multiple cases.

---

[2] References to the MDL Docket are to case no. 4:26-md-03176-ALM.

(*See* MDL Dkt. #7 at p. 4 n.4). Those motions have not been ruled on, and Defendants oppose them. Any schedule for PI oppositions should account for that unresolved pleading posture.

6.      A similar scheduling issue already arose in the AS Designs member action. Those Defendants moved for a scheduling order because Plaintiffs' PI motion involved multiple patents, multiple accused products, approximately 26 asserted claims, expert declarations, expedited discovery, and the full range of Rule 65 issues. (*See AS Designs*, No. 4:26-cv-00370-ALM, Dkt. #33). The present consolidated PI filings are broader still. If the earlier PI motion warranted a case-specific schedule, the present five-patent, 34-claim, multi-product, multi-defendant PI package warrants a scheduling order so the parties can propose a workable schedule.

7.      Counsel for several defendants met and conferred with Plaintiffs' counsel on June 2, 2026 regarding a proposed path forward for the PI proceedings. The parties need a short period to coordinate among the many defense groups, their clients, and Plaintiffs concerning an orderly schedule and process. Given the number of defendants, asserted patents, accused products, expert submissions, and counsel involved, that coordination cannot reasonably be completed before the current default response deadlines run.

## II.      ARGUMENT

### A.      The Court Has Authority To Alter The Default Opposition Deadlines And Require Scheduling Proposals.

The Court has broad authority to manage its docket and enter scheduling orders. Fed. R. Civ. P. 16(b), 16(c). Rule 6(b)(1)(A) permits the Court, for good cause, to extend time in response to a request made before the original time expires. Local Rule CV-7(e) likewise permits a party to move for an order lengthening or shortening the response period for a motion.

This District's Patent Rules independently support a case-specific schedule. Patent Rule 1-2 authorizes the Court to "accelerate, extend, eliminate, or modify" patent-case obligations and

deadlines based on the circumstances of the case, including "the complexity of the case or the number of patents, claims, products, or parties involved." Plaintiffs' PI filings present each of those circumstances: multiple patents, dozens of claims, multiple accused products or configurations, multiple defendants, expert-supported technical and damages submissions, and overlapping member-action issues.

A PI is an extraordinary remedy, not ordinary motion practice. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). In a patent case, a movant must show that it is likely to prove infringement and that its infringement claim will likely withstand challenges to validity and enforceability. *Natera, Inc. v. NeoGenomics Lab'ys, Inc.*, 106 F.4th 1369, 1375 (Fed. Cir. 2024). The Federal Circuit has emphasized that infringement and validity analyses must be performed claim-by-claim. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350-51 (Fed. Cir. 2001). The Court should allow a scheduling process that reflects that burden and the size of Plaintiffs' submission.

### B.    The Volume And Complexity Of Plaintiffs' PI Filings Make The Default Opposition Period Unworkable.

The default 14-day opposition period would require Defendants to respond to a record that is far larger than a typical PI record. Plaintiffs have submitted an oversized brief, hundreds of pages of claim charts, expert declarations, appendices, additional declarations, and exhibits. Defendants must determine which facts and expert opinions apply to which defendants, which products, which patents, and which asserted claims. They must also determine which issues overlap across defendants and which are defendant-specific.

A meaningful opposition cannot be prepared by simply filing a generic response. The asserted patents and claims require claim-by-claim and product-by-product analysis. The expert claim charts require technical review and, where appropriate, countervailing expert analysis. The

damages and irreparable-harm materials require review of market, pricing, sales, causation, hardship, and bond issues. The multiple witness declarations and hundreds of exhibits require factual investigation and client consultation. A Scheduling Order is warranted.

### C.      Pending Amendment Issues And Overlapping PI Proceedings Should Be Addressed Before Merits Oppositions Are Due.

Plaintiffs seek preliminary relief on patents that remain subject to pending motions for leave to amend in several member actions. Those motions have not been ruled on and are opposed by certain Defendants. Defendants should not be required to file expedited merits oppositions on patents that may not yet be part of the operative pleadings against them before the parties and the Court have established a schedule that accounts for the pleading posture.

A Scheduling Order will allow the parties to propose whether the PI motions should proceed on a common schedule, on product-specific tracks, on defendant-specific tracks, or in some other orderly manner.

### D.      The Request Is Narrow, Time-Limited, And Will Preserve Resources Without Prejudicing Plaintiffs.

Moving Defendants do not seek a merits denial of Plaintiffs' PI motion, an indefinite stay, or a ruling on discovery, confidentiality, amendment, bond, or hearing procedures. They seek only a short time period so that the parties can meet and confer and submit proposed scheduling order(s). It gives the parties time to coordinate with defense counsel, clients, experts, and Plaintiffs, while giving the Court a focused procedural record on which to set an efficient PI schedule.

The requested relief does not prevent Plaintiffs from advocating for their preferred schedule, discovery, reply deadlines, hearing procedures, or any other PI procedure. If the parties cannot agree, Plaintiffs may submit their own competing proposal, and the Court can determine the appropriate path forward. By contrast, requiring immediate oppositions under the default

schedule risks duplicative briefing, inconsistent schedules across member actions, avoidable disputes about pleading and discovery issues, and an incomplete Rule 65 record.

The requested scheduling-order process also preserves all parties' rights. Moving Defendants reserve all arguments and defenses concerning infringement, invalidity, enforceability, standing, irreparable harm, bond, discovery, confidentiality, the pending motions for leave to amend, and the propriety and scope of any requested injunction. Plaintiffs likewise can preserve any position they have regarding timing, discovery, reply briefing, hearing procedures, or other matters. The requested order merely creates a process for presenting those issues efficiently.

## III.    REQUESTED RELIEF

For these reasons, Moving Defendants respectfully request that the Court enter an order:

1.      Requiring the parties to meet and confer and, on or before a date certain, file either an agreed proposed scheduling order or competing proposed scheduling orders for the pending PI proceedings;

2.      Allowing any proposed scheduling order to address, as appropriate, opposition and reply deadlines, any PI discovery, confidentiality procedures, expert procedures, defendant-specific or product-specific briefing structure, page limits, pending amendment issues, coordination with other PI proceedings, Rule 65(c) security, and any hearing or scheduling conference;

3.      Providing that, if competing proposals are filed, the Court may decide the schedule on the papers or set a scheduling conference, as the Court deems appropriate; and

4.      Granting such other and further relief to which Moving Defendants may be entitled.

Dated: June 9, 2026

Respectfully submitted,

/s/ *John M. Skeriotis*
John M. Skeriotis
Ohio Bar No. 0069263
Sergey Vernyuk
Ohio Bar No. 0089101
**EMERSON, THOMSON & BENNETT, LLC**
1914 Akron-Peninsula Road
Akron, Ohio 44313
Tel: (330) 434-9999
Fax: (330) 434-8888
E-mail: jms@etblaw.com
          sv@etblaw.com
*Counsel for the Moving Defendants*

9

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), undersigned counsel certifies that counsel for several defendants met and conferred with Plaintiffs' counsel on June 2, 2026 regarding a proposed plan for the preliminary-injunction proceedings and the relief requested in this motion. Based on that conference, Moving Defendants understand that Plaintiffs oppose this motion.

*/s/ John M. Skeriotis*
John M. Skeriotis