**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | 4:26-md-03176-ALM<br>MDL 3176 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>AR-TT, LLC d/b/a TAKEDOWN TOOLS; CLAUSEN INC.; JONATHAN CLAUSEN, and JODI CLAUSEN,<br><br>    Defendants. | Civil Action No. 4:26-cv-00693-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>CANUCK TACTICAL LLC, d/b/a RANGESPORT AMERICA LLC,<br><br>    Defendant. | Civil Action No. 4:26-cv-00705-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>CLOAK INDUSTRIES, INC. and WILLIAM C. KING JR.,<br><br>    Defendants. | Civil Action No. 4:26-cv-00608-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>    Defendants. | Civil Action No. 4:26-cv-00377-ALM |

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

Plaintiffs,

v.

HAWKPHIN SALES, LLC, d/b/a BATTLE-HAWK ARMORY/ BATTLE OPTICS/ BATTLE SHOP/ BATTLE SHOPS/ LAKEFRONT ARMORY, and ADAM GERLEMAN,

Defendants.

Civil Action No. 4:26-cv-00707-ALM

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

Plaintiffs,

v.

FIREARM SYSTEMS LLC d/b/a FIREARM SYSTEMS, BRANDON DONATTO, and MICHAEL STAKES,

Defendants.

Civil Action No. 4:26-cv-00695-ALM

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

Plaintiffs,

v.

OPTICS PLANET, INC., d/b/a ECENTRIA,

Defendant.

Civil Action No. 4:26-cv-00521-ALM

ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation,

Plaintiffs,

v.

PEAK TACTICAL, LLC d/b/a PARTISAN TRIGGERS, a Wyoming limited liability company, and NICHOLAS NORTON,

Defendants.

Civil Action No. 4:26-cv-00698-ALM

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation, | |
| Plaintiffs, | |
| v. | |
| SGC, LLC d/b/a SCOTTSDALE GUN CLUB, TERENCE D. SCHMIDT, and RONALD KENNEDY, | Civil Action No. 4:26-cv-00694-ALM |
| Defendants. | |
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation, | |
| Plaintiffs, | |
| v. | |
| TGR SERVICES, LLC, d/b/a MISSION RIDGE LLC & MISSION RIDGE RANGE & ACADEMY LLC, f/k/a TEXAS GUN RANGE OPERATORS LLC, and TGR VENTURES, LP, | Civil Action No. 4:26-cv-00680-ALM |
| Defendants. | |
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation, | |
| Plaintiffs, | |
| v. | |
| WEBCORP, INC. d/b/a TACTICAL SHIT/ LIBERAL TEARS/SIGGLOCKINCOLT.COM, and THOMAS KIRGIN, JR., | Civil Action No. 4:26-cv-00768-ALM |
| Defendants. | |

**CERTAIN DEFENDANTS' OPPOSITION TO PLAINTIFFS' SECOND CONSOLIDATED MOTION FOR PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................1

II.     BACKGROUND ................................................................................................2

        A.      Rare Breed's First Attempt to Enjoin the Disruptor Failed in Wyoming. ...............2

        B.      Rare Breed's Second Attempt—Expedited Discovery to Tee Up a
                Renewed Preliminary Injunction Motion—Also Failed. .........................................4

        C.      Rare Breed Invokes Appellate Jurisdiction on the Preliminary Injunction
                Factors. ...................................................................................................................5

        D.      Rare Breed Now Seeks a Fourth Bite Through Its Second PI Motion. ...................6

III.    ARGUMENT ....................................................................................................7

        A.      This Court Lacks Jurisdiction Over the Second PI Motion Given Rare
                Breed's Pending Federal Circuit Appeal. ..............................................................7

        B.      Rare Breed's Serial Preliminary Injunction Motion Is an Improper Fourth
                Bite at the Apple. ..................................................................................................11

        C.      Discovery Should Precede Any Merits Opposition if the Court Reaches
                the Second PI Motion ............................................................................................14

IV.     CONCLUSION ..................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*ABC IP, LLC, et al. v. Peak Tactical, LLC, et al.*,
 No. 2:26-cv-00018, Dkt. No. 39, 2026 WL 713000 (D. Wyo. Feb. 13, 2026)......................3, 4

*ABC IP, LLC, et al. v. Peak Tactical, LLC, et al.*,
 No. 2:26-cv-00018, Dkt. No. 45, 2026 WL 940599 (D. Wyo. Mar. 11, 2026) ...............4, 5, 12

*Birmingham Fire Fighters Ass'n 117 v. Jefferson County*,
 290 F.3d 1250 (11th Cir. 2002) .................................................................................11, 12

*Brain Life, LLC v. Elekta Inc.*,
 746 F.3d 1045 (Fed. Cir. 2014)..........................................................................................12

*Chemlawn Servs. Corp. v. GNC Pumps, Inc.*,
 823 F.2d 515 (Fed. Cir. 1987)........................................................................................8, 10

*Coastal Corp. v. Texas E. Corp.*,
 869 F.2d 817 (5th Cir. 1989) ......................................................................................7, 8, 10

*De Beers Consol. Mines v. United States*,
 325 U.S. 212 (1945)...............................................................................................................6

*F.W. Kerr Chemical Co. v. Crandall Associate, Inc.*,
 815 F.2d 426 (6th Cir. 1987) ..............................................................................................11

*Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*,
 2009 U.S. App. LEXIS 11701 (Fed. Cir. 2009) ...................................................................8

*Flores v. Sanders*,
 No. 6:21-cv-00145-JDL, 2022 WL 18276842 (E.D. Tex. 2022) ...........................................6

*Griggs v. Provident Consumer Discount Co.*,
 459 U.S. 56 (1982)..................................................................................................................8

*Houston Prime Investments, Ltd. v. Community Loan Servicing, LLC*,
 No. 4:23-cv-0996, 2024 WL 3390616 (S.D. Tex. Apr. 24, 2024)........................................10

*IBM Corp. v. Johnson*,
 2009 U.S. Dist. LEXIS 66851, at *7-9 (S.D.N.Y. 2009).........................................................11

*In re PersonalWeb Techs. LLC*,
 961 F.3d 1365 (Fed. Cir. 2020)...........................................................................................13

*Kessler v. Eldred*,
 206 U.S. 285 (1907)...............................................................................................................12

ii

**Page(s)**

*Khalil v. Trump*,
   793 F. Supp. 3d 630 (D.N.J. Aug. 8, 2025) ...............................................................11

*PPEX, LLC v. Buttonwood, Inc.*,
   No. 21-CV-53-F, 2021 WL 7210184 (D. Wyo. 2021) ...............................................12

*Providence Title Co. v. Truly Title, Inc.*,
   No. 4:21-CV-147-SDJ, 2021 U.S. Dist. LEXIS 207781 (E.D. Tex. 2021) ...........................7, 8

*Schmeisser GmbH v. AC-Unity D.O.O.*,
   2021 U.S. Dist. LEXIS 255447 (D. Wyo. 2021) .......................................................11

*Sierra On-Line, Inc. v. Phoenix Software, Inc.*,
   739 F.2d 1415 (9th Cir. 1984) ....................................................................12

## RULES AND REGULATIONS

Fed. R. Civ. P. 15..................................................................................................6

Fed. R. Civ. P. 30..................................................................................................14

Fed. R. Civ. P. 65..................................................................................................1, 15

## STATUTES

28 U.S.C. §§ 1292.................................................................................................5

## OTHER AUTHORITIES

43A Corpus Juris Secundum Injunctions § 367............................................................11

## I.    INTRODUCTION

This is ABC IP, LLC, and Rare Breed Triggers, Inc.'s (together, "Plaintiffs" or "Rare Breed") fourth attempt to obtain preliminary injunctive relief targeting the same Disruptor trigger. Rare Breed first sought a temporary restraining order and preliminary injunction in the United States District Court for the District of Wyoming. After reviewing hundreds of pages of briefs, declarations, and exhibits and conducting an evidentiary hearing, the Wyoming court denied that request, finding that *every factor weighed against enjoining Disruptor sales*.

But Rare Breed tried again a week later, filing a motion for expedited discovery "to support a renewed motion for preliminary injunction." The Wyoming court denied that motion too, explaining that the factors for expedited discovery and the impropriety of reconsideration both disfavored a second bite.

Rare Breed tried a third bite by appealing the Wyoming order denying an injunction to the Federal Circuit, where it expressly asks the appellate court to reverse the district court's determinations that Rare Breed was unlikely to succeed on the merits, the substantial question of invalidity as to the patent claims, lack of irreparable harm, and other factors related to Fed. R. Civ. P. 65.

Even while the Federal Circuit exercises appellate jurisdiction over the merits, harm, and other preliminary injunction issues implicated by Disruptor sales, Rare Breed now asks this Court for a fourth bite: forcing Defendants[1] into emergency opposition briefing on its "Second

---

[1] Defendants DNT LLC d/b/a Deez Nutz Tactical and Zach Morrow (collectively, "DNT") file this response in their individual case.  Other defendants filed substantially identical responses in their respective cases on July 17, 2026, including: AR-TT, LLC d/b/a Takedown Tools, Clausen Inc., Jonathan Clausen, Jodi Clausen; Canuck Tactical LLC d/b/a RangeSport America LLC; Cloak Industries, Inc., William C. King Jr.; Hawkphin Sales, LLC d/b/a BattleHawk Armory/Battle Optics/Battle Shop/Battle Shops/Lakefront Armory, Adam Gerleman; Firearm Systems LLC d/b/a Firearm Systems, Brandon Donatto, Michael Stakes; Optics Planet, Inc. d/b/a Ecentria; Peak Tactical, LLC, Nicholas Norton; SGC, LLC d/b/a Scottsdale Gun Club, Terence D. Schmidt,

Consolidated Motion for Preliminary Injunction" ("Second PI Motion") directed at the same Disruptor product. This fourth bite is barred. It would circumvent the Wyoming court's rulings that are the law of the case, multiply proceedings that need no further multiplication, and force this Court to upset findings and rulings that are currently pending before the Federal Circuit.

Rare Breed's Second PI Motion is not materially different from its first, notwithstanding Rare Breed's assertion of U.S. Patent No. 12,636,403 ("the '403 Patent"). The '403 Patent belongs to the same continuation family as three of the patents Rare Breed previously asserted against the Disruptor, consists of claims that are "not patentably distinct" from the claims Rare Breed asserted previously, and does not present a new emergency or a new injunction case.  Rather, the '403 Patent repackages the same dispute about the same product, the same alleged competitive harms, and essentially the same patent claims that were already resolved—twice—by the Wyoming court and that Rare Breed continues to appeal. This is impermissible.

Defendants respectfully request that the Court deny the Second PI Motion.

## II.      BACKGROUND

### A.      Rare Breed's First Attempt to Enjoin the Disruptor Failed in Wyoming.

Rare Breed filed suit against Peak Tactical in the District of Wyoming on January 15, 2026, asserting infringement of U.S. Patent Nos. 10,514,223, 11,724,003, 12,036,336, and 12,274,807 against the Disruptor trigger product manufactured and sold by Peak Tactical. *ABC IP, LLC v. Peak Tactical, LLC*, No. 2:26-cv-00018, Dkt. No. 1 (D. Wyo.). The next day, Rare Breed filed its Motion for Temporary Restraining Order and Preliminary Injunction (*id*., Dkt. No. 2) ("First PI

---

Ronald Kennedy; TGR Services, LLC d/b/a Mission Ridge LLC & Mission Ridge Range & Academy LLC, f/k/a Texas Gun Range Operators LLC, TGR Ventures, LP; Webcorp, Inc. d/b/a Tactical Shit/Liberal Tears/Sigglockincolt.com, and Thomas Kirgin, Jr. (all collectively, "Defendants").

Motion") seeking to enjoin the defendants from "making, using, offering to sell, selling, or importing the accused Partisan Disruptor product, or any substantially identical product," and from making certain advertising statements concerning whether "the accused Partisan Disruptor practices U.S. Patent No. 9,146,067" or "is an assisted reset trigger." *Id.*, Dkt. Nos. 6, 7.

The Wyoming court ordered Plaintiffs to serve their 1,217-page Complaint (including exhibits) and their 263-page First PI Motion (including exhibits) by January 23, 2026, required defendants to file their opposition by January 30, 2026, and to appear for a live evidentiary hearing on February 4, 2026. *Id.*, Dkt. No. 9. During the hearing, Plaintiffs called five witnesses live and presented documentary evidence, a live demonstration, and argument in support of their First PI Motion. *Id.*, Dkt. Nos. 33, 39.

On February 13, 2026, the Wyoming court issued its 35-page order denying Rare Breed's request for a TRO or PI, stating: "After hearing testimony and reviewing the briefing on each of the four preliminary injunction factors from the parties, the Court finds each factor weighs against the imposition of a preliminary injunction." *Id.*, Dkt. No. 39 at 8. On irreparable harm, the court found that Rare Breed's price-erosion theory rested on "only conclusory statements," that "[f]lat assertions of price erosion with no supporting market analysis are insufficient," and that Rare Breed had "not offered evidence indicating harm from price erosion nor shown any damages are not compensable by money damages." *Id.* at 11–14.

On the likelihood of success, the Wyoming court identified defects in both the patent and Lanham Act claims. As to infringement, the court explained that because of ambiguity in "how 'substantially in-battery' is construed [and] the timing requirements of the claims," "the Court cannot properly compare the asserted claims to the accused device without first construing the meaning and scope." *Id.* at 25. As to invalidity, the court found that "Defendants have raised a

3

substantial question of validity" against the asserted patent claims, based on the '067 Patent, prior-art analysis, and expert testimony, and further found that "Plaintiffs have not carried their burden" to show the validity challenge "lacked substantial merit." *Id.* at 27–29.

On the balance of hardships, the court explained that, "because the requested remedy is extreme"—effectively shuttering the defendants and their supply chain—and Rare Breed had not shown irreparable harm, the scale shifted toward the defendants. *Id.* at 31–32. On public interest, the court acknowledged the general public interest in patent enforcement. Still, it held that Rare Breed's failure to show irreparable harm or likely success meant "the public interest does not weigh in favor of granting injunctive relief." *Id.* at 34. In denying Rare Breed's request to enjoin the manufacture and sales of the Disruptor, the court concluded, "Plaintiffs have failed to carry the burden of showing irreparable harm," and "[t]he parties shall proceed under the status quo while the case proceeds on the merits." *Id.* at 34–35.

**B.      Rare Breed's Second Attempt—Expedited Discovery to Tee Up a Renewed Preliminary Injunction Motion—Also Failed.**

Rare Breed requested a do-over one week after the court's written order. On February 20, 2026, Rare Breed moved for expedited discovery, arguing that "[t]argeted discovery would allow a renewed preliminary injunction motion to be decided on a complete record." *Id.*, Dkt. Nos. 41, 42. The defendants opposed that motion as being exactly what it was: an unjustified request for reconsideration "based on a new record that Plaintiffs originally chose to forego." *Id.*, Dkt. No. 43. On March 11, 2026, the Wyoming court denied Rare Breed's request for expedited discovery. *Id.*, Dkt. No. 45. It found that "each factor weighs against granting expedited discovery and the appropriateness of reconsideration is on a similar, downward slant." *Id.* The court further held that Rare Breed had not identified any recognized basis for reconsideration, because the record showed

4

no intervening change in law, no previously unavailable evidence, and no need to correct clear error or prevent manifest injustice. *Id.*

### C.      Rare Breed Invokes Appellate Jurisdiction on the Preliminary Injunction Factors.

Rare Breed then tried a third bite by appealing the Wyoming court's denial of its First PI Motion to the United States Court of Appeals for the Federal Circuit. On March 12, 2026, Rare Breed noticed an appeal from the Wyoming court's "Order Denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction" and from "all decisions, rulings, orders, and judgments that gave rise to the non-adoption of Plaintiffs' arguments and positions in that Order," expressly including the March 11 denial of expedited discovery for possible reconsideration. *Id.*, Dkt. No. 46. Rare Breed's opening brief confirms Federal Circuit jurisdiction under 28 U.S.C. §§ 1292(a)(1) and 1292(c)(1). *See ABC IP, LLC, et al. v. Peak Tactical, LLC, et al.*, No. 26-1527, Dkt. No. 26 (Fed. Cir.).

The appeal involves the same preliminary injunction questions Rare Breed asks this Court to decide now: likelihood-of-success, irreparable-harm, balance-of-equities, and public-interest factors implicated by "preliminarily enjoining Partisan from further [alleged] Disruptor-related infringement and false advertising until trial." *Id.* Rare Breed specifically challenges the Wyoming court's rulings on claim construction, validity, irreparable harm, collectability, balance of hardships, and public interest. *Id.*

The defendants argue that the Wyoming court correctly denied injunctive relief after hearing and weighing the evidence because Rare Breed failed to show irreparable harm, likelihood of success, equities in its favor, or public interest warranting an injunction. *See* Appeal Dkt. No. 46. The defendants also argue that the unresolved claim-construction dispute over "substantially in-battery position," the substantial question of invalidity that Peak showed, and the absence of

5

consumer-deception evidence independently support denial. *Id.* Those are the same categories of issues Rare Breed seeks to relitigate now.

### D.  Rare Breed Now Seeks a Fourth Bite Through Its Second PI Motion.

Rare Breed filed its Second PI Motion on July 2, 2026,[2] which again targets the same Disruptor product at issue in Rare Breed's prior attempts (and currently on appeal).

In an attempt to distinguish the Second PI Motion from its three predecessors, Rare Breed argues that the Second PI Motion "rests solely on a newly issued patent," the '403 Patent.[3] However, the '403 Patent does not present a meaningfully new controversy. Rare Breed acknowledges that, "[l]ike the '223, '003, '336, and '807 Patents, the '403 Patent covers the same Accused Product and underlying technology already at issue in this case." *ABC IP, LLC v. Peak Tactical, LLC*, No. 4:26-cv-00698-ALM, Dkt. No. 72 at 2 (E.D. Tex.). During prosecution, the USPTO rejected all pending claims of the '403 Patent for non-statutory double patenting over the '807, '336, and '003 Patents, explaining that although the claims were not identical, they were "not patentably distinct" because they claimed "substantially the same inventive firearm trigger mechanism with substantially the same elements claimed with only slight and unpatentable language differences." To overcome this rejection, Rare Breed filed a terminal disclaimer over

---

[2] That late-night filing is deemed filed July 3, 2026. Some supporting exhibits were not filed until early morning on July 3, and the Notice of Joinder was filed in DNT's case on July 3. Furthermore, DNT was not served with a copy of each filed document in this batch until July 15.

[3] Another procedural problem impacts Rare Breed's Second PI Motion: the '403 Patent is not part of all the cases at issue. Rare Breed has moved for leave to amend its operative complaints to add the '403 Patent and to add new defendants, and it acknowledges that leave is required under Rule 15(a)(2). But until the '403 Patent is actually added to all the relevant cases, no injunctive proceedings should occur. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (a preliminary injunction is "intermediate relief of the same character as that which may be granted finally."); *Flores v. Sanders*, No. 6:21-cv-00145-JDL, 2022 WL 18276842, at *2 (E.D. Tex. 2022) (a preliminary injunction request must be based on allegations related to claims in the operative complaint).

those three patents. Accordingly, although Rare Breed invokes a different patent number, the Second PI Motion presents substantially the same infringement, validity, irreparable-harm, and equitable issues currently before the Federal Circuit.

In short, the present Second PI Motion targets the same Disruptor product; seeks an infringement determination based on patent claims that are not patentably distinct from the claims already considered by the Wyoming court; argues validity despite the Wyoming court already finding that patentably indistinct claims were infected with a substantial question of invalidity; again argues that continued sales of the Disruptor are causing "irreparable harm" to Plaintiffs in the marketplace; and asks this Court to balance the same harms and public interest that the Wyoming court already considered and rejected.  And Rare Breed makes this request to upend the status quo while it is simultaneously asking the Federal Circuit to consider and overturn the Wyoming court's rulings on these same issues.

## III.    ARGUMENT

### A.    This Court Lacks Jurisdiction Over the Second PI Motion Given Rare Breed's Pending Federal Circuit Appeal.

Rare Breed's pending appeal divests this Court of jurisdiction over the same aspects of the case that are at issue in the preliminary injunction order on appeal. A notice of appeal is "an event of jurisdictional significance" that "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Providence Title Co. v. Truly Title, Inc.*, No. 4:21-CV-147-SDJ, 2021 U.S. Dist. LEXIS 207781, at *7 (E.D. Tex. 2021). That rule applies with special force where a district court is asked to exercise injunctive power over matters already before the appellate court:

> [T]he Fifth Circuit's clearly articulated standard for a district court's authority to vacate or modify a preliminary injunction pending appeal in *Coastal Corp. v. Texas E. Corp.* is dispositive. *See* 869 F.2d 817 (5th Cir. 1989). In *Coastal*, after entering a preliminary injunction and ***while an appeal of the preliminary***

> ***injunction was pending***, the district court sua sponte dissolved the preliminary injunction. *Id.* at 819. The Fifth Circuit noted the "general rule" that "a notice of appeal ousts the district court of jurisdiction over the judgment or order appealed" and for the first time "specifically addressed the scope of the district court's jurisdiction over its injunction while it is on appeal." *Id*. (citations omitted).

*Id.* at *8. The Fifth Circuit in *Coastal* and this district in *Providence Title* held that a district court may not alter the playing field on which a preliminary injunction was resolved while that resolution is on appeal. *Id.* at *9. (holding that, pending appeal, a district court is "limited to maintaining the status quo" set by preliminary injunction ruling).

The Federal Circuit has likewise recognized that a district court "may not proceed with matters involved with the injunction itself," including amending the injunction or making findings to support it while the injunction is on appeal. *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, 2009 U.S. App. LEXIS 11701, at *2–3 (Fed. Cir. 2009). Applying Fifth Circuit law, the Federal Circuit is clear: "on interlocutory orders, a notice of appeal divests the District Court of jurisdiction over all matters involved in the appeal." *Chemlawn Servs. Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 518 (Fed. Cir. 1987).

The Fifth Circuit's *Coastal* decision, cited above, underscores the flaw in Rare Breed's current tactic. Once an injunction issue is appealed, the district court's authority is limited to maintaining the status quo and does not extend to orders that alter the case as it rests before the appellate court. *Coastal Corp.*, 869 F.2d at 820. To support its holding, *Coastal* relies on Supreme Court precedent that simultaneous district-court and appellate jurisdiction over the same aspects of a case is improper. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982).

Here, this Court should decline to reach the merits of Rare Breed's Second PI Motion because the core issues it raises are already pending before the Federal Circuit in *ABC IP, LLC v. Peak Tactical, LLC*, No. 26-1527. Although the Second PI Motion nominally asserts a new

patent—the '403 Patent—that patent issued as a continuation of three of the patents currently on appeal (the '003, '336, and '807 Patents), and the USPTO determined during prosecution that the '403 Patent's claims are "not patentably distinct" from the claims of those parent patents.

The USPTO finding confirms what the record independently shows: the Second PI Motion asks this Court to re-decide, on a different patent number, the same invalidity defenses and the same irreparable harm, equitable, and public-interest issues that the Federal Circuit is actively reviewing. Until the Federal Circuit issues its mandate and remands, this Court simply lacks jurisdiction to consider those issues.

| Issue | Pending Appeal (No. 26-1527) | Second PI Motion | Overlap |
|---|---|---|---|
| Patents | '223, '003, '336, '807 Patents | '403 Patent (continuation; USPTO found claims "not patentably distinct" from '003/'336/'807 Patents) | Same invention family; same disclosed mechanism (hammer/trigger/disconnector reset) |
| Validity | Substantial question of invalidity based on the '067 Patent, TacCon 3MR, and other prior art | Same '067 Patent/TacCon 3MR, and other prior art relevant to validity, since USPTO equated '403 claims to parent claims | Identical prior art dispute; any invalidity showing against the parents applies with equal force to the '403 Patent |
| Same accused product | The "Disruptor," manufactured by Peak Tactical | The "Disruptor," now also resold by additional reseller/distributor defendants | Same product, same copying narrative, same technical record (Luettke/Stakes testimony) |
| Irreparable harm | Market share loss, price erosion, reputational harm, collectability of damages (Peak Tactical's insurance policies) | Same theories of harm, same insurance-policy dispute, updated 2026 sales data | Same legal theories and, in part, the same evidentiary record already briefed to the Federal Circuit |

| Issue | Pending Appeal (No. 26-1527) | Second PI Motion | Overlap |
|---|---|---|---|
| Balance of equities | Whether *Windsurfing* bars Peak Tactical from claiming hardship before infringement is established | Same *Windsurfing* argument invoked against Peak Tactical | Identical legal dispute over the same product and party |
| Public interest | DOJ Statement of Interest in the *Hoffman* case; whether the district court applied the correct "critical public interest" standard | Same DOJ Statement of Interest in *Hoffman* precedent cited | Identical public-interest dispute |

Due to the overwhelming overlap between the issues being considered by the Federal Circuit and the issues raised in Rare Breed's Second PI Motion, this Court should deny Rare Breed's Second PI Motion for lack of jurisdiction. *See Coastal Corp.*, 869 F.2d at 820; *Chemlawn Servs.*, 823 F.2d at 518.

At a minimum, even if the issues on appeal did not overlap with the issues raised in the Second PI Motion (they do), the Court should stay any further briefing or action on the Second PI Motion until the Federal Circuit resolves the pending appeal. *See Houston Prime Investments, Ltd. v. Community Loan Servicing, LLC*, No. 4:23-cv-0996, 2024 WL 3390616, at *2 (S.D. Tex. Apr. 24, 2024) (a stay is appropriate where "the issues on appeal are intertwined with issues that remain pending in the district court," and "conserving judicial resources by staying litigation pending appeal is in the public interest"). That is precisely the case here, where the Federal Circuit ruling will bear directly on Rare Breed's asserted irreparable harm, balance of equities, public interest, and likelihood of success.

**B.      Rare Breed's Serial Preliminary Injunction Motion Is an Improper Fourth Bite at the Apple.**

Courts disfavor serial requests for preliminary injunctive relief because preliminary injunctions are extraordinary remedies, not iterative litigation tools. *See, e.g.*, *Schmeisser GmbH v. AC-Unity D.O.O.*, 2021 U.S. Dist. LEXIS 255447, at *8–9 (D. Wyo. 2021) (reconsideration is appropriate only for "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice," and it "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing"); *F.W. Kerr Chemical Co. v. Crandall Associate, Inc.*, 815 F.2d 426, 428–29 (6th Cir. 1987) (holding that successive preliminary injunction motions require new facts warranting reconsideration, emphasizing that the successive motions before it were "virtually identical," and warning that parties "should not be allowed to harass their adversaries and the courts with a barrage of successive motions for extraordinary, preliminary injunctive relief, secure in the knowledge that they can take an interlocutory appeal when it becomes apparent that they cannot win their war of attrition."). Courts across the country are in accord: "The second application will be denied merely on a showing that the first one was denied, unless the plaintiff presents new and additional matter discovered since the former hearing." *Khalil v. Trump*, 793 F. Supp. 3d 630, 633 (D.N.J. Aug. 8, 2025) (*citing* 43A Corpus Juris Secundum Injunctions § 367; *see also id.* § 79).

The rule against successive attempts for emergency relief is not a technicality; it preserves orderly litigation, prevents piecemeal emergency practice, and requires a movant to present its strongest case when it first seeks extraordinary relief. *See IBM Corp. v. Johnson*, 2009 U.S. Dist. LEXIS 66851, at *7–9 (S.D.N.Y. 2009) (rejecting a second preliminary injunction motion where the movant lacked good cause and could not litigate through "piecemeal, seriatim motions requesting the same relief that has already been denied"); *Birmingham Fire Fighters Ass'n 117 v.*

11

*Jefferson County*, 290 F.3d 1250, 1254–55 (11th Cir. 2002) (successive injunction motions cannot repackage an old request absent changed circumstances, new evidence, or new law); *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1419–20 (9th Cir. 1984) (reconsideration of injunctive relief requires new matter).

Indeed, in ruling upon Plaintiffs' attempted do-over in Wyoming, the district court applied the same common sense rule, explaining that successive injunction-related requests are disfavored absent a meaningful change in circumstances, evidence, or law. *See Peak Tactical,* No. 2:26-cv-00018, Dkt. No. 45 at 6, 9–13 (citing *PPEX, LLC v. Buttonwood, Inc.*, No. 21-CV-53-F, 2021 WL 7210184, at *2 (D. Wyo. 2021) ("If Plaintiff needed this discovery to support their Motion for Preliminary Injunction, it should have waited to file that motion until after discovery opened.")). Rare Breed offers no qualifying change here. Indeed, the First and Second PI Motions are substantially the same: Both target the same Disruptor trigger; both seek to stop the manufacture, sale, offer for sale, and distribution of the Disruptor pending trial; both rely on the same market narrative: the Disruptor supposedly copies Rare Breed's FRT-15L3, competes directly with Rare Breed, undercuts Rare Breed's prices, displaces Rare Breed's market share, disrupts distribution channels, injures Rare Breed's reputation, and creates collectability concerns. Both the First and Second PI Motions ask the Court to weigh the same core preliminary injunction factors on fundamentally the same facts.

The *only* difference Rare Breed identifies between its Second PI Motion and its earlier attempts is its reliance on the newly-issued '403 Patent.[4] But as explained *supra*, the USPTO has

---

[4] The patent-law-specific *Kessler* doctrine, by analogy, further supports the common sense, product-focused principle animating this rule against serial injunction practice. *See Kessler v. Eldred*, 206 U.S. 285, 289–90 (1907) (prior judgment protected manufacturer's right to continue selling the same product "without molestation" by the same patentee); *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1056–59 (Fed. Cir. 2014) (*Kessler* fills the gap between claim and issue

12

confirmed that the '403 Patent claims are "not patentably distinct" from the claims of the '807, '336, and '003 Patents because they claimed "substantially the same inventive firearm trigger mechanism" with "substantially the same elements" and only "slight and unpatentable language differences." As a result, the Wyoming court's finding that some Defendants raised a "substantial question of invalidity" as to the asserted claims from the '807, '336, and '003 Patents applies with equal force to the "not patentably distinct" claims of the '403 Patent.

Nor are Rare Breed's irreparable harm, balance-of-equities, and public interest arguments new. The Wyoming court rejected the same theories of price erosion, market share loss, reputational harm, hardship, and public interest that Rare Breed trots out here. The Second PI Motion reasserts the same categories of harm using the same product, the same FRT-15L3 comparison, and the same market. A movant may not keep re-asking for the same extraordinary remedy until it gets the answer it seeks.

Motions for preliminary injunction take precedence over the normal course of civil procedure, forcing parties to push aside other matters and the Court to push aside other litigants. Justice cannot be efficiently served if certain parties **_repeatedly_** jump the queue and insist on resolving their disputes on an emergency basis. For all these reasons, the Second PI Motion should be denied as an improper serial preliminary injunction request.

---

preclusion for later suits over the same accused product); *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1376–79 (Fed. Cir. 2020) (describing *Kessler* as a "limited trade right" and "a close relative to claim preclusion, without its temporal limitation"). Although *Kessler* is not directly applicable here, its reasoning is instructive: a patentee may not evade an adverse product-specific ruling by asserting new procedural labels, asserted theories, or downstream targets while continuing to pursue the same accused product.

**C.      Discovery Should Precede Any Merits Opposition if the Court Reaches the Second PI Motion.**

Rare Breed paired its Second PI Motion with a second motion for expedited discovery. *Peak Tactical,* No. 4:26-cv-00698-ALM, Dkt. No. 80. The motion seeks written discovery, document productions, fact depositions, and Rule 30(b)(6) depositions on a 41-day schedule, while proposing that Defendants file their merits opposition before that discovery occurs. *Id.* Plaintiffs acknowledge that "[t]he Parties agree that, should this Motion be granted, Defendants may serve discovery reciprocal in scope," but they disagree with Defendants about timing because "Plaintiffs propose that Defendants file their opposition brief before the close of the discovery period; Defendants propose that discovery be completed before filing their opposition brief." *Id.* That posture confirms why no merits opposition should be required now, at least until the Court rules on what discovery, if any, should occur.

Even if the Second PI Motion were not jurisdictionally and procedurally barred, Defendants' opposition brief should be held in abeyance until after the "expedited discovery" has occurred. Defendants address the scope and timing issues in detail in their contemporaneously filed Defendants' Opposition to Plaintiffs' Motion for Expedited Discovery (the "Discovery Opposition") and incorporate those positions here only to the extent necessary to preserve the point.

The point is straightforward. Rare Breed says discovery is needed to develop the preliminary injunction record and agrees that discovery should be a two-way street between the parties. But Rare Breed does not agree that such discovery should come before Defendants' merits opposition to the Second PI Motion. *Id*. Defendants cannot fairly oppose the Second PI Motion on the merits before knowing what discovery will be permitted and what evidentiary record the Court will ultimately consider. The relevant topics include the '403 Patent's claim scope and validity,

14

non-infringement, irreparable harm, price erosion, sales and market share, dealer networks, reputational harm, and any bond required under Rule 65(c).

Rare Breed's proposed sequencing is especially prejudicial because it would let Plaintiffs take discovery and then use the reply to build a record after Defendants have already filed their opposition without the benefit of reciprocal discovery. That is backwards. A preliminary injunction opposition should respond to the record that will actually be before the Court, not guess at a record that Plaintiffs hope to develop later. If the Court chooses to entertain the Second PI Motion and discovery is allowed, the merits opposition deadline should run only after all permitted reciprocal discovery is complete.

That orderly sequence would not prejudice Rare Breed. What would be prejudicial is requiring Defendants to brief a fourth request for the same extraordinary relief before threshold jurisdictional issues are resolved and before any Court-authorized reciprocal discovery is complete.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Rare Breed's Second PI Motion, or, at the very least, hold Defendants' deadline to oppose Plaintiffs' Second PI Motion in abeyance. The Court should first determine whether the Second PI Motion is procedurally proper in light of the pending Federal Circuit appeal and Plaintiffs' serial requests for identical preliminary relief. Only if those threshold issues are resolved in Plaintiffs' favor should the Court consider any discovery schedule or merits briefing. If the Court permits preliminary injunction proceedings to continue, Defendants request that the Court set a new schedule under which any opposition deadline runs only after all permitted reciprocal discovery is complete.

Dated: July 29, 2026                    Respectfully submitted,


                                        EMERSON, THOMSON & BENNETT, LLC
                                        */s/ Sergey Vernyuk*
                                        John M. Skeriotis (Ohio Bar # 0069263)
                                        jms@etblaw.com
                                        Sergey Vernyuk (Ohio Bar # 0089101)
                                        sv@etblaw.com
                                        1914 Akron-Peninsula Rd.
                                        Akron, Ohio 44313
                                        (330) 434-9999 – Telephone
                                        (330) 434-8888 – Facsimile

                                        *Attorneys for Defendants DNT LLC and Zach Morrow*

16