## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | 4:26-md-03176-ALM<br>MDL 3176 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br>　　　Plaintiffs, <br><br>v. <br><br>AR-TT, LLC d/b/a TAKEDOWN TOOLS; CLAUSEN INC.; JONATHAN CLAUSEN, and JODI CLAUSEN, <br><br>　　　Defendants. | Civil Action No. 4:26-cv-00693-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br>　　　Plaintiffs, <br><br>v. <br><br>CANUCK TACTICAL LLC, d/b/a RANGESPORT AMERICA LLC, <br><br>　　　Defendant. | Civil Action No. 4:26-cv-00705-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br>　　　Plaintiffs, <br><br>v. <br><br>CLOAK INDUSTRIES, INC. and WILLIAM C. KING JR., <br><br>　　　Defendants. | Civil Action No. 4:26-cv-00608-ALM |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br>　　　Plaintiffs, <br><br>v. <br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW, <br><br>　　　Defendants. | Civil Action No. 4:26-cv-00377-ALM |

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

       Plaintiffs,

v.

HAWKPHIN SALES, LLC, d/b/a BATTLE-HAWK ARMORY/ BATTLE OPTICS/ BATTLE SHOP/ BATTLE SHOPS/ LAKEFRONT ARMORY, and ADAM GERLEMAN,

       Defendants.

Civil Action No. 4:26-cv-00707-ALM

---

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

       Plaintiffs,

v.

FIREARM SYSTEMS LLC d/b/a FIREARM SYSTEMS, BRANDON DONATTO, and MICHAEL STAKES,

       Defendants.

Civil Action No. 4:26-cv-00695-ALM

---

ABC IP, LLC, and RARE BREED TRIGGERS, INC.,

       Plaintiffs,

v.

OPTICS PLANET, INC., d/b/a ECENTRIA,

       Defendant.

Civil Action No. 4:26-cv-00521-ALM

---

ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation,

       Plaintiffs,

v.

PEAK TACTICAL, LLC d/b/a PARTISAN TRIGGERS, a Wyoming limited liability company, and NICHOLAS NORTON,

       Defendants.

Civil Action No. 4:26-cv-00698-ALM

| | |
|---|---|
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation,<br><br>     Plaintiffs,<br><br>v.<br><br>SGC, LLC d/b/a SCOTTSDALE GUN CLUB, TERENCE D. SCHMIDT, and RONALD KENNEDY,<br><br>     Defendants. | Civil Action No. 4:26-cv-00694-ALM |
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation,<br><br>     Plaintiffs,<br><br>v.<br><br>TGR SERVICES, LLC, d/b/a MISSION RIDGE LLC & MISSION RIDGE RANGE & ACADEMY LLC, f/k/a TEXAS GUN RANGE OPERATORS LLC, and TGR VENTURES, LP,<br><br>     Defendants. | Civil Action No. 4:26-cv-00680-ALM |
| ABC IP, LLC, a Delaware limited liability company, and RARE BREED TRIGGERS, INC., a Texas Corporation,<br><br>     Plaintiffs,<br><br>v.<br><br>WEBCORP, INC. d/b/a TACTICAL SHIT/ LIBERAL TEARS/SIGGLOCKINCOLT.COM, and THOMAS KIRGIN, JR.,<br><br>     Defendants. | Civil Action No. 4:26-cv-00768-ALM |

## CERTAIN DEFENDANTS' OPPOSITION TO PLAINTIFFS' CONSOLIDATED MOTION FOR EXPEDITED DISCOVERY

## I.    **INTRODUCTION**

ABC IP, LLC and Rare Breed Triggers, Inc.'s (together, "Plaintiffs" or "Rare Breed") Consolidated Motion for Expedited Discovery [Dkt. No. 80] ("Motion") should be denied because it is tethered to a preliminary injunction motion the Court should not be hearing at all. Rare Breed already asked a federal court to preliminarily enjoin sales of the Disruptor trigger, received an evidentiary hearing on the emergency schedule it requested, and lost. *ABC IP, LLC v. Peak Tactical, LLC*, No. 2:26-cv-00018, Dkt. No. 39 (D. Wyo.). Rare Breed then asked for expedited discovery to build a new preliminary injunction record and lost again. *Id.,* Dkt. No. 45. Rare Breed then appealed those rulings to the Federal Circuit, where the same preliminary injunction issues remain pending. *Id.*, Dkt. No. 46. Now Rare Breed asks this Court to authorize expedited discovery in support of what is, in substance, a fourth attempt to obtain the same extraordinary relief against the same product based on the same alleged market harms and the same patent family. That is not good cause. It is serial litigation.

The discovery motion magnifies the problem. Plaintiffs seek to force numerous Defendants [1] to respond to sweeping financial, sales, technical, customer, supplier, and communications discovery within twenty (20) days, then sit for eighty-five (85) hours of

---

[1] Defendants DNT LLC d/b/a Deez Nutz Tactical and Zach Morrow (collectively, "DNT") file this response in their individual case. Other defendants filed substantially identical responses in their respective cases on July 17, 2026, including: AR-TT, LLC d/b/a Takedown Tools, Clausen Inc., Jonathan Clausen, Jodi Clausen; Canuck Tactical LLC d/b/a RangeSport America LLC; Cloak Industries, Inc., William C. King Jr.; Hawkphin Sales, LLC d/b/a BattleHawk Armory/Battle Optics/Battle Shop/Battle Shops/Lakefront Armory, Adam Gerleman; Firearm Systems LLC d/b/a Firearm Systems, Brandon Donatto, Michael Stakes; Optics Planet, Inc. d/b/a Ecentria; Peak Tactical, LLC, Nicholas Norton; SGC, LLC d/b/a Scottsdale Gun Club, Terence D. Schmidt, Ronald Kennedy; TGR Services, LLC d/b/a Mission Ridge LLC & Mission Ridge Range & Academy LLC, f/k/a Texas Gun Range Operators LLC, TGR Ventures, LP; Webcorp, Inc. d/b/a Tactical Shit/Liberal Tears/Sigglockincolt.com, and Thomas Kirgin, Jr. (all collectively, "Defendants").

depositions in roughly three weeks. Plaintiffs also take the remarkable position that Defendants should file their opposition to the underlying preliminary injunction motion before the discovery record closes, while Plaintiffs reserve the ability to use that same discovery to build their reply. That is neither reciprocal nor equitable. And it confirms that Plaintiffs are not seeking a focused evidentiary adjustment; they are trying to leverage an improper fourth preliminary injunction attempt into a compressed, one-sided discovery campaign. After having its shot at emergency relief and losing, Rare Breed should follow regular order in litigating its claims against the Disruptor.

## II.    <u>LEGAL STANDARD</u>

Rule 26(d)(1) supplies the starting point: discovery ordinarily may not begin before the parties confer under Rule 26(f), absent court order or other authorization. Fed. R. Civ. P. 26(d)(1). Courts in this District apply a good-cause standard that looks to "the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *DIRECTV, LLC v. WNK Assocs., Inc.*, No. 6:22-cv-00423-JDK, 2022 U.S. Dist. LEXIS 228810, at *2 (E.D. Tex. Dec. 20, 2022) (quoting *Huawei Techs. Co. v. Yiren Huang*, No. 4:17-cv-893, 2018 WL 10127086, at *1 (E.D. Tex. 2018)); *see also OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-cv-350, 2016 WL 3747222, at *3 (E.D. Tex. 2016) (applying the same five-factor good cause framework). The movant bears the burden. *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). And "[e]xpedited discovery is not the norm." *Id.* at 239.

The familiar factors for determining whether to grant emergency discovery are whether a preliminary injunction motion is pending, the breadth of the discovery requests, the purpose of the requested discovery, the burden on the responding party, and how far the request precedes ordinary discovery. *Huawei*, 2018 WL 10127086, at *2. But those factors are not talismanic. The existence of a preliminary injunction motion does not automatically establish good cause. *See Northstar Offshore Ventures, LLC v. Tana Expl. Co., LLC*, No. 3:18-cv-2025-N, 2018 U.S. Dist. LEXIS

140977, at \*22 (N.D. Tex. 2018) (preliminary injunction motion "does not constitute *per se* good cause"); *OrthoAccel*, 2016 WL 3747222, at \*5 (denying expedited discovery where the pending preliminary injunction motion was the only factor favoring the movant); *Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, No. 98-cv-2782, 1998 WL 404820, at \*1–2 (E.D. Pa. 1998) (denying expedited discovery in the face of a preliminary injunction hearing where the requests were not reasonably tailored to the preliminary injunction issues and timetable); *Better Packages, Inc. v. Zheng*, No. CIV.A. 05-4477, 2006 U.S. Dist. LEXIS 30119, at \*4–5 (D.N.J. May 17, 2006) (denying plaintiff's request for expedited discovery in part because it "would lead to the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction hearing, which is not the purpose of expedited discovery"). The preliminary injunction motion must still be proper, and discovery still must be narrow, necessary, proportionate, and fair. *See DIRECTV*, 2022 U.S. Dist. LEXIS 228810, at \*3–4.

## III.    ARGUMENT

### A.    The Motion[2] Fails at the Threshold Because the Second PI Motion[3] Is Improper.

DNT incorporates the threshold arguments set forth in the contemporaneously filed Opposition to Plaintiffs' Second PI Motion. Those arguments are dispositive here. If the Court lacks jurisdiction over the Second PI Motion, or if that motion is barred as serial preliminary injunction practice, then expedited discovery in aid of that motion necessarily fails.

---

[2] Plaintiffs filed the Motion in the *Peak Tactical* case just after midnight on July 3 and filed what they called a "Notice of Joinder" in DNT's case shortly afterwards.  But DNT was not served with a copy of this Motion (and its exhibits) until July 15.  *See* Local Rule CV-7(e) (*service* of a motion triggers a deadline to respond).

[3] Plaintiffs' Second Consolidated Motion for Preliminary Injunction [*ABC IP, LLC v. Peak Tactical, LLC,* No. 4:26-cv-00698-ALM, Dkt. No. 76] (the "Second PI Motion").

As noted in DNT's Opposition to the Second PI Motion, the pending appeal is independently fatal to the Second PI Motion. A notice of appeal is "an event of jurisdictional significance" that "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The Fifth Circuit applies that principle with special force in injunction appeals. In *Coastal Corp. v. Texas Eastern Corp.*, the court held that a district court's authority over an injunction pending appeal is "limited to maintaining the status quo" and "ought not to extend to the point that the district court can divest the court of appeals from jurisdiction while the issue is before us on appeal." 869 F.2d 817, 820 (5th Cir. 1989). The Federal Circuit likewise has recognized that a district court "may not proceed with matters involved with the injunction itself," including amending the injunction or making findings to support it while the injunction is on appeal. *Fairchild Semiconductor Corp. v. Third Dimension (3D) Semiconductor, Inc.*, 2009 U.S. App. LEXIS 11701, at *2–3 (Fed. Cir. Mar. 25, 2009). And the Federal Circuit has applied Fifth Circuit law holding that "on interlocutory orders, a notice of appeal divests the District Court of jurisdiction over all matters involved in the appeal." *Chemlawn Servs. Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 518 (Fed. Cir. 1987).

Rare Breed's appeal involves the same aspects of the case. Rare Breed asks the Federal Circuit to decide whether the Wyoming court erred in refusing to preliminarily enjoin "Disruptor-related infringement and false advertising until trial." Appeal Dkt. No. 26. The Second PI Motion again targets the Disruptor, again seeks to stop Disruptor sales, and again asserts the same alleged harms: price erosion, market displacement, reputational injury, distribution disruption, and collectability concerns. Dkt. No. 76.

4

Rare Breed cannot evade divestiture by labeling the motion "second" or by pointing to the later-issued '403 Patent. The '403 Patent is merely a continuation patent from the same family that was already litigated. Rare Breed concedes that the '403 Patent covers the same accused product and underlying technology, and the prosecution history of the '403 Patent confirms it is not patentably distinct from the same patents at issue in the first preliminary injunction proceeding.

Serial preliminary injunction practice presents a separate threshold defect. Courts disfavor repetitive requests for extraordinary relief absent a meaningful change in circumstances, law, or evidence. In *F.W. Kerr Chemical Co. v. Crandall Associate, Inc.*, the Sixth Circuit warned against allowing parties "to harass their adversaries and the courts with a barrage of successive motions for extraordinary, preliminary injunctive relief." 815 F.2d 426, 429 (6th Cir. 1987). *Khalil v. Trump* explained the same rule: "the second application will be denied merely on a showing that the first one was denied, unless the plaintiff presents new and additional matter discovered since the former hearing." 793 F. Supp. 3d 630, 633 (D.N.J. 2025). *IBM Corp. v. Johnson* likewise rejected a renewed preliminary injunction strategy that would require "another bout of expedited discovery" and "another extensive evidentiary hearing," calling that method "vexatious and do[ing] disservice to the interests of [the parties] and of the Court." 2009 U.S. Dist. LEXIS 66851, at *7–9 (S.D.N.Y. 2009).

That is exactly what Rare Breed seeks here. Rare Breed's first bite was its Wyoming TRO/PI motion. Its second bite was expedited discovery to tee up a renewed preliminary injunction record. Its third bite is the pending Federal Circuit appeal. Its fourth bite is the Second PI Motion now pending here, which is improper as discussed above and in DNT's Opposition to Plaintiffs' Second PI Motion. Expedited discovery sought to feed that fourth bite should similarly be denied.

**B.    The Good Cause Factors Weigh Against Expedited Discovery.**

1.    Factor One Weighs Heavily Against Discovery Because the Underlying Motion Is Improper.

Plaintiffs treat the pendency of the Second PI Motion as a check-the-box basis for expedited discovery. That is wrong. A properly filed preliminary injunction motion can sometimes support targeted discovery. An improper serial injunction motion, asserting issues that are concurrently on appeal, does not. Indeed, the authorities Plaintiffs rely upon, including *Huawei*, involved ordinary first preliminary injunction requests; they did not involve a movant that had already lost a live preliminary injunction hearing, lost a follow-on discovery request, appealed those rulings, and then returned to district court for another injunction campaign while its appeal was still pending.

The Wyoming court's prior expedited discovery ruling is especially instructive. *Peak Tactical,* No. 2:26-cv-00018, Dkt. No. 45 (D. Wyo.). After losing on all four preliminary injunction factors, Rare Breed moved for expedited discovery to support a renewed preliminary injunction effort. The Wyoming court denied that request and found that "each factor weighs against granting expedited discovery and the appropriateness of reconsideration is on a similar, downward slant." *Id*. It also rejected Rare Breed's attempt to blame the record for its loss, where Rare Breed had initiated the accelerated timeline and failed to seek discovery, a continuance, or other relief before the hearing. Rare Breed now repeats the same tactic in a new forum. That history weighs heavily against good cause.

2.    Factors Two, Four and Five Weigh Against Discovery Because the Requests Are Broad, Burdensome, and Disproportionate, and Plaintiffs Seek Discovery Related to a Patent Not Presently in the Case.

Plaintiffs describe their discovery as "limited," but the numbers tell a different story. Appendix B applies three interrogatories and four requests for production across eleven case

groupings. That means Plaintiffs seek thirty-three interrogatory responses and forty-four document request responses, for a total of seventy-seven written discovery responses, all due within twenty (20) days. And the requests are not ministerial. They demand current financial condition, assets, liabilities, cash positions, bank accounts, insurance policies, sales by month, revenue, profits, inventory, customer identities, technical descriptions, manufacturers, suppliers, product functionality, communications with third parties, and litigation-related contingency planning. *See BHI Energy I Power Servs., LLC v. KVP Holdings LLC*, No. 3:22-cv-1981, 2023 U.S. Dist. LEXIS 7433, at *3 (N.D. Tex. 2023) (denying broad preliminary-injunction-related expedited discovery and denying preliminary injunction); *Philadelphia Newspapers*, 1998 WL 404820, at *8 (denying expedited discovery where requests were "wholly overbroad in scope").

Appendix A then seeks twenty-four (24) depositions totaling at least eighty-five (85) noticed hours. Plaintiffs' proposed order would require those depositions to occur within twenty-one (21) days after production. That means Plaintiffs want multiple corporate representatives and fact witnesses prepared on financial conditions, technical product issues, manufacturing, distribution, marketing, sales, customer communications, and asserted patent communications in roughly a three-week window. That schedule would be burdensome in a single-defendant case. It is unworkable across numerous defendants, different counsel groups, different products and roles, and different procedural postures.

The financial discovery is particularly improper. Rare Breed seeks damages and collectability discovery even though the Wyoming court already held that Rare Breed failed to show a likelihood of success and failed to establish irreparable harm. *Peak Tactical,* No. 2:26-cv-00018, Dkt. No. 39 (D. Wyo.). Financial condition discovery does not become urgent merely because Rare Breed wants to repair deficiencies that a court already identified and that the Federal

Circuit is now reviewing. Nor does Rare Breed need immediate discovery to pursue double recovery from manufacturer and dealer Defendants for the same alleged sales. Patent damages are compensatory, not duplicative. *See* 35 U.S.C. § 284; *Stickle v. Heublin, Inc.*, 716 F.2d 1550, 1560–61 (Fed. Cir. 1983) (damages not measured by infringer's profit but by what would make patentee whole—either the difference between the patentee's position before and after infringement or a reasonable royalty). Discovery aimed at stacking recovery against upstream and downstream defendants for the same accused units is not proportional preliminary injunction discovery.

The posture of the '403 Patent reinforces the burden. Plaintiffs seek discovery on a patent not presently in the case as to several Defendants, including DNT and the manufacturer, Peak Tactical. Rule 65 relief ordinarily must be tethered to claims in the operative complaint. Courts in this District recognize that "a request for a preliminary injunction must be based on allegations related to the claims in the complaint." *Flores v. Sanders*, No. 6:21-cv-00145-JDL, 2022 WL 18276842, at *2 (E.D. Tex. May 12, 2022). At minimum, the pleading posture is another reason not to impose emergency discovery now, especially while briefing on Rare Breed's motion to amend the complaint to add the '403 Patent, new defendants, and motions to stay customer cases, remain unresolved.

### 3. Factor Three Weighs Against Discovery Because Plaintiffs Seek to Build a New Record for a Fourth Injunction Attempt.

The stated purpose of the discovery is to develop the record for the Second PI Motion. But that purpose is improper because the Second PI Motion is improper. Rare Breed does not need emergency discovery to preserve evidence, identify unknown wrongdoers, or prevent imminent loss of proof. It wants discovery to strengthen a preliminary injunction motion it chose to file while an appeal is pending and after a prior court rejected the same relief. That is not good cause.

### C. **Plaintiffs' Position on Reciprocal Discovery Is Fundamentally Unfair.**

Even if this were Plaintiffs' *first* attempt at a preliminary injunction and accompanying expedited discovery (without any pending appeal), Plaintiffs' proposed procedure is unworkable. Specifically, Plaintiffs' proposal would require Defendants to file a merits-based response brief *before* conducting the discovery that Plaintiffs agree should occur. Rather, if Defendants are ultimately required to file a merits-based response, Defendants should be afforded the opportunity to complete their reciprocal discovery so as to incorporate the same into an opposition. Plaintiffs, however, insist that Defendants file an opposition to the Second PI Motion before discovery closes. That would allow Plaintiffs to take discovery, study the resulting record, and raise new arguments on reply, while forcing Defendants to oppose the injunction without knowing what record Plaintiffs will later present. Moreover, Plaintiffs' proposal contemplates that Defendants make any arguments that rely on the discovery for the first time in their sur-reply, which of course is improper. *See* Local Rule CV-7(f). That is not reciprocal. It is one-sided litigation by ambush.

Defendants' position is straightforward. If the Court denies or holds the Second PI Motion in abeyance on threshold grounds, no expedited discovery is needed and this issue is moot. If the Court instead permits expedited discovery, then Defendants must receive comparable discovery sufficient to test Rare Breed's irreparable-harm, pricing, sales, dealer-network, reputation, damages, validity, infringement and bond assertions. Defendants should also receive a fair merits-opposition deadline after that discovery has occurred. Anything else would force Defendants to shoot at a moving target.

Plaintiffs' own conduct confirms the unfairness. When Plaintiffs needed jurisdictional discovery in response to one defendant's motion to dismiss, they asked to hold their response deadline in abeyance because the discovery ruling would affect the scope of their opposition and prevent premature briefing. Defendants agreed. *Peak Tactical,* No. 2:26-cv-00018, Dkt. Nos. 54–

56 (D. Wyo.). Plaintiffs should not receive an abeyance when discovery helps them, then deny Defendants the same basic fairness when the shoe is on the other foot.

## IV.    **CONCLUSION**

Rare Breed's motion for expedited discovery is not a modest request for focused discovery. It is discovery in aid of an improper fourth attempt at a preliminary injunction. The underlying Second PI Motion is barred by the pending Federal Circuit appeal and the general rule against serial PI motions, and premature given the pleading and case-management issues surrounding the '403 Patent and the other cases. The discovery requests themselves are overbroad, unduly burdensome, and disproportionate. Plaintiffs' proposed sequencing is patently unfair. And Plaintiffs' authorities involve first-filed, properly pending preliminary injunction motions, not a repeat effort after loss, denial of discovery, and appeal.

The Court should deny Plaintiffs' Consolidated Motion for Expedited Discovery in its entirety. If the Court permits any expedited discovery notwithstanding these threshold defects, the Court should order only narrow, mutual, and truly reciprocal discovery, and should set Defendants' merits-opposition deadline after all permitted reciprocal discovery is complete.

Dated: July 29, 2026                                  Respectfully submitted,


                                                      EMERSON, THOMSON & BENNETT, LLC
                                                      */s/ Sergey Vernyuk*
                                                      John M. Skeriotis (Ohio Bar # 0069263)
                                                      jms@etblaw.com
                                                      Sergey Vernyuk (Ohio Bar # 0089101)
                                                      sv@etblaw.com
                                                      1914 Akron-Peninsula Rd.
                                                      Akron, Ohio 44313
                                                      (330) 434-9999 – Telephone
                                                      (330) 434-8888 – Facsimile

                                                      *Attorneys for Defendants DNT LLC and Zach Morrow*

10