**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **MDL No. 4:26-md-03176-ALM** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW, <br><br> Defendants. | Civil Action No. 4:26-cv-00377-ALM |

**ABC IP, LLC AND RARE BREED TRIGGERS, INC.'S REPLY IN SUPPORT OF
SECOND CONSOLIDATED MOTION FOR PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION................................................................................................ 1

II.   BACKGROUND ................................................................................................ 2

      A.    The Motion established an unrebutted record; the Opposition
            answers none of it............................................................................. 2

      B.    This Motion differs from the Wyoming ruling Defendants rely on. ................. 3

III.  ARGUMENT...................................................................................................... 5

      A.    The appeal does not deprive this Court of jurisdiction over the Motion......... 5

      B.    This is Rare Breed's first motion against Defendants on the
            '403 Patent, not a "fourth bite." ........................................................... 8

      C.    Defendants' alternative requests fail.................................................... 10

      D.    The unrebutted record establishes each preliminary-injunction factor......... 12

IV.   CONCLUSION ................................................................................................ 14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ABC IP, LLC v. Hoffman*,
No. 1:25-cv-00389-CLC-CHS (E.D. Tenn. Feb. 11, 2026)......................................................3

*ABC IP, LLC v. Hoffman*,
No. 26-1775 (Fed. Cir. May 5, 2026) ....................................................................................3

*ABC IP, LLC v. Peak Tactical, LLC*,
No. 26-1527 (Fed. Cir. Apr. 13, 2026) ......................................................................... *passim*

*ABC IP, LLC v. Peak Tactical, LLC*,
No. 26-1527 (Fed. Cir. May 28, 2026) ...................................................................................6

*ABC IP, LLC v. Peak Tactical, LLC*,
No. 4:26-cv-00698-ALM ........................................................................................................1

*Brain Life, LLC v. Elekta Inc.*,
746 F.3d 1045 (Fed. Cir. 2014).............................................................................................10

*Chemlawn Servs. Corp. v. GNC Pumps, Inc.*,
823 F.2d 515 (Fed. Cir. 1987)................................................................................................6

*Coastal Corp. v. Texas E. Corp.*,
869 F.2d 817 (5th Cir. 1989) .................................................................................................6

*De Beers Consol. Mines v. United States*,
325 U.S. 212 (1945)..............................................................................................................12

*Douglas Dynamics, LLC v. Buyers Prods. Co.*,
717 F.3d 1336 (Fed. Cir. 2013).............................................................................................13

*Flores v. Sanders*,
2022 WL 18276842 (E.D. Tex. May 12, 2022)....................................................................12

*Griggs v. Provident Consumer Discount Co.*,
459 U.S. 56 (1982)..............................................................................................................5, 7

*Kessler v. Eldred*,
206 U.S. 285 (1907)..............................................................................................................10

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)..............................................................................................................10

## TABLE OF AUTHORITIES (Continued)

**Page(s)**

*Quad Env'l Techs. Corp. v. Union Sanitary Dist.*,
  946 F.2d 870 (Fed. Cir. 1991).................................................................................9

*Schumer v. Lab'y Computer Sys., Inc.*,
  308 F.3d 1304 (Fed. Cir. 2002).................................................................................10

*Soverain Software LLC v. Amazon.com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005).....................................................................11

*Taylor v. Sterrett*,
  640 F.2d 663 (5th Cir. 1981) ....................................................................................5

*Tinnus Enters., LLC v. Telebrands Corp.*,
  846 F.3d 1190 (Fed. Cir. 2017).............................................................................7, 11

*Trebro Mfg., Inc. v. Firefly Equip., LLC*,
  748 F.3d 1159 (Fed. Cir. 2014).................................................................................13

*Univ. of Tex. v. Camenisch*,
  451 U.S. 390 (1981)....................................................................................................8

*Wedgeworth v. Fibreboard Corp.*,
  706 F.2d 541 (5th Cir. 1983) ....................................................................................10

**Statutes**

35 U.S.C. § 282..............................................................................................................12

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| DOJ | Department of Justice |
| '403 Patent | U.S. Patent No. 12,636,403 |
| MDL | Multidistrict Litigation |
| JPML | Judicial Panel on Multidistrict Litigation |
| TRO | Temporary Restraining Order |
| PI | Preliminary Injunction |
| ABC | ABC IP, LLC |
| RBT | Rare Breed Triggers, Inc. |
| Plaintiffs | ABC IP, LLC and Rare Breed Triggers, Inc. |
| Rare Breed | ABC IP, LLC and Rare Breed Triggers, Inc. |
| Peak Tactical | Peak Tactical LLC, d/b/a Partisan Triggers and/or The Triggered Company |
| Defendants | DNT LLC d/b/a Deez Nutz Tactical and Zach Morrow |
| The Motion | Plaintiffs' Second Consolidated Motion for Preliminary Injunction. *ABC IP, LLC v. Peak Tactical*, No. 4:26-cv-00698-ALM, Dkt. 76 (E.D. Tex. July 2, 2026). |

## I.     INTRODUCTION

Defendants DNT LLC and Zach Morrow's opposition is identical in substance to the opposition filed by Peak Tactical and other Disruptor resellers.[1]  It does not contest a single preliminary-injunction factor.  It offers no declaration, no expert, and no evidence.  It does not dispute that the Disruptor is a copy of Rare Breed's patented trigger, or that the '403 Patent issued over the very prior art on which the Wyoming court rested its validity concern—facts known to Peak Tactical without any of the discovery Defendants complain they have not received.  Those two facts decide this Motion, and Defendants say nothing about either one.

Instead, Defendants ask the Court to look away.  They raise three threshold arguments and nothing else.  First, they contend the pending Federal Circuit appeal strips this Court of jurisdiction.  Not so.  That appeal comes from an order involving different patents, decided on a far thinner record than the one now before this Court.  Second, they call a first motion on a newly issued patent a "fourth bite at the apple."  Again, not so.  This is the first request for relief on the '403 Patent against Peak Tactical and its resellers.  Third, they ask the Court to postpone their merits response until discovery is complete.  Plaintiffs proposed a schedule to conduct that discovery, which Defendants resisted; and, in any event, the facts needed to answer the Motion are already in Defendants' possession.  Rather than face the merits, each of Defendants' requests is a way to avoid a ruling on a record Defendants have left unrebutted.

The '403 Patent—the subject of the present Motion—is not before the Federal Circuit.  The only court before which that patent is presented is this one.  The Court should reach the Motion and grant the requested relief.

---

[1] For this motion, "Defendants" refers specifically to DNT LLC and Zach Morrow. For ease of the Court's review, each docket entry citation refers to the docket entries in *ABC IP, LLC v. Peak Tactical, LLC*, No. 4:26-cv-00698-ALM.

II.    **BACKGROUND**

A.    **The Motion established an unrebutted record; the Opposition answers none of it.**

The Motion sets out the facts that govern here, and Defendants dispute none of them.  Rare Breed pioneered the forced reset trigger market, endured a multi-year enforcement battle with the Government, and emerged under a May 2025 settlement that both permits Rare Breed to sell its FRT® products and affirmatively requires it to enforce its patents.  (Dkt. 76 ("Mot.") at 3–5; Dkt. 77 ("DeMonico Decl.") ¶¶ 7–17.)  Peak Tactical then built the Disruptor as a direct copy of Rare Breed's FRT-15L3®, spending roughly $1.5 million over about seven months to bring that copy to market.  (Mot. at 1, 7–8; Dkt. 78 ("Colvin Decl.") Ex. 1 at 123:23–24; Dkt. 79 ("Luettke Decl.") ¶¶ 17–18, 37.)  The resulting harm—lost market share, price erosion, and displaced customers in a market Rare Breed created—is set out in the DeMonico and Eichmann declarations and remains unanswered.  (Mot. at 25–34; DeMonico Decl. ¶¶ 38–39, 63; Dkt. 77-4 ("Eichmann Decl.") ¶¶ 10, 47.)

The '403 Patent issued on May 26, 2026, after the notice of appeal from the Wyoming denial of preliminary relief.  The asserted claims were allowed over ***all*** the prior art Peak Tactical raised in Wyoming, including the '067 Patent and the TacCon 3MR, and without any prior-art rejection.  (Mot. at 2, 24–25; Harrison Decl. ¶¶ 14–16.)  During prosecution the Patent Office entered a single, non-prior-art rejection for obviousness-type double patenting, which Rare Breed resolved by a terminal disclaimer.  (Harrison Decl. ¶ 14.)  No court has construed or adjudicated any claim of the '403 Patent.  Rare Breed has asserted the '403 Patent against the Disruptor through its amended complaints in the member actions, leave for which has been granted in several and remains pending in the others.

2

**B.**      **This Motion differs from the Wyoming ruling Defendants rely on.**

Rare Breed has sought preliminary relief on its forced-reset patents more than once, and the results have tracked the record before each court.  In a parallel action in the Eastern District of Tennessee, the court preliminarily enjoined the accused product after a three-day evidentiary hearing, finding it likely infringes claim 15 of the '247 Patent and claim 1 of the '784 Patent, crediting Rare Breed's technical expert, and finding every factor favored relief.  (*ABC IP, LLC v. Hoffman*, No. 1:25-cv-00389-CLC-CHS, Dkt. 45 (E.D. Tenn. Feb. 11, 2026).)  That injunction is on appeal. (*ABC IP, LLC v. Hoffman*, No. 26-1775, Dkt. 1 (Fed. Cir. May 5, 2026).)

The one ruling Defendants build their opposition on was reached on a compressed proceeding in the District of Wyoming.  Rare Breed filed suit on January 15, 2026, eight days after Peak Tactical announced it was shipping thousands of infringing units, and moved the next day for a temporary restraining order and preliminary injunction on four different patents: the '223, '003, '336, and '807 Patents.  (Mot. at 18–19; Colvin Decl., Ex. 56 at 1.)  The court set a single, compressed track: a response by January 30, a hearing on February 4, and no reply.  (*ABC IP, LLC v. Peak Tactical, LLC*, No. 26-1527, Dkt. 26 at 20 (Fed. Cir. Apr. 13, 2026).)  It allotted ninety minutes per side.  (*Id.* at 21.) Peak Tactical filed a 357-page opposition, including a 129-page declaration from its technical expert that referred to invalidity claim charts Peak Tactical never produced.  (*Id.*)  At the hearing—only about three and a half hours on the record—Peak Tactical called no witnesses and did not present its technical or economic experts, so Rare Breed was prevented from cross-examining them.  (*Id.* at 21–22.)

On that record, the court denied relief without resolving infringement.  It held that it "cannot properly compare the asserted claims to the accused device without first construing the meaning and scope" of one disputed term: "substantially in-battery position."  (Dkt. 39 at 25.)  On validity, it found a "substantial question" as to the four patents, crediting the declaration of a

technical expert who did not appear for cross-examination.  (Dkt. 39 at 27–28.)  On irreparable harm, it found Rare Breed's price-erosion showing "conclusory" and unsupported by market analysis.  (Dkt. 39 at 12–13.)  It framed the ruling as provisional throughout: its findings "do not constitute a determination on the merits," and the parties were to "proceed under the status quo while the case proceeds on the merits."  (Dkt. 39 at 34–35.)  Rare Breed has appealed.  Unsurprisingly, the appeal concerns the four patents then in the case, not the later-issued '403 Patent.  (*ABC IP, LLC v. Peak Tactical, LLC*, No. 26-1527, Dkt. 26 at 6–7 (Fed. Cir. Apr. 13, 2026).)

This Motion is not that motion.  It differs in three ways that go to the exact grounds on which Wyoming turned.  First, the patent and claims are different.  This Motion rests on the '403 Patent, whose claims no court has construed, and the asserted claims do not depend on the term the Wyoming court claimed it could not construe.  Independent claims 14, 17, and 32 recite "a substantially in-battery position or an in-battery position," and claims 38 and 39 do not use the term at all.  (Harrison Decl. ¶ 21; '403 Patent cls. 14, 17, 32, 38–39.)  Second, the validity question is answered.  The '403 Patent issued over the same prior art Peak Tactical raised in Wyoming without a prior-art rejection.  (Harrison Decl. ¶ 16.)  Third, the harm record is developed.  The first motion, filed days after suit, offered a price-erosion showing the court called conclusory; this Motion presents quantified evidence—a price cut from $499 to $450 forced by the competing products, a significant decline in daily unit sales of the FRT-15L3®, a marked drop in monthly orders, a dealer program opened sooner and at lower margins than planned, and a market share fallen dramatically.  (Mot. at 25–34; DeMonico Decl. ¶¶ 38–39, 42, 63; Eichmann Decl. ¶¶ 10, 26–28, 47.)

The Motion also rests on Peak Tactical's own admissions, made under oath.  Its witness Michael Stakes agreed there is "no difference" in how the FRT-15L3® and the Disruptor operate,

4

agreed the Disruptor "is a copy," and volunteered that it uses "the energy of the bolt carrier to reset the trigger" and has an "out-of-battery safety" or "locking bar." (Colvin Decl., Ex. 1 at 57:14–58:24, 80:14–18.) Those admissions bear directly on the '403 Patent and require no discovery to establish.

Against this backdrop Rare Breed filed the Motion, its first request for preliminary relief on the '403 Patent. Rather than address the four preliminary-injunction factors, Defendants filed the Opposition, which raises only the three threshold arguments described above and expressly asks to reserve any merits response for later. (Dkt. 86 at 14–15.)

## III.    ARGUMENT

### A.    The appeal does not deprive this Court of jurisdiction over the Motion.

Defendants first ask the Court to deny the Motion, contending that Rare Breed's appeal from the Wyoming decision—an appeal about four patents not at issue in this Motion—strips this Court of jurisdiction to hear it. Defendants are wrong.

A notice of appeal divests the district court of control over only "those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). It divests the court of nothing else; the court "may still proceed with matters not involved in the appeal." *Taylor v. Sterrett*, 640 F.2d 663, 667–68 (5th Cir. 1981). The Federal Rules make the point for injunctions specifically. While an appeal from an order that "refuses . . . an injunction" is pending, the district court "may . . . grant an injunction." Fed. R. Civ. P. 62(d). A pending appeal from the denial of one injunction therefore does not strip the court of power to grant another.

Nothing about the appeal involves the '403 Patent. Nor could it. The order on appeal is the Wyoming court's denial of preliminary relief on four other patents, and the '403 Patent did not exist when Rare Breed noticed that appeal. It appears in neither party's Federal Circuit brief, which frame the appeal around four claims of those four patents. (*ABC IP, LLC v. Peak Tactical,*

5

*LLC*, No. 26-1527, Dkt. 26 at 6–7 (Fed. Cir. Apr. 13, 2026).)  A ruling on a patent that postdates the appeal and forms no part of it cannot alter the order under review or constrain the Federal Circuit's consideration of that order.  That is the line Defendants' own cases draw.  Each policed a court's authority over the very injunction on appeal: in *Coastal*, the district court dissolved its own preliminary injunction while it was on appeal, and the Fifth Circuit held the court's authority was "limited to maintaining the status quo."  *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 819–20 (5th Cir. 1989); *see also Chemlawn Servs. Corp. v. GNC Pumps, Inc.*, 823 F.2d 515, 518 (Fed. Cir. 1987).  Here, there is no injunction to maintain and no order on the '403 Patent to disturb.

Peak Tactical's own conduct confirms the point.  Twelve days after Rare Breed noticed the appeal, Peak Tactical answered and counterclaimed in the Wyoming court, asking it to declare the four appealed patents invalid and not infringed and affirmatively asserting its own '067 Patent. (Dkt. 52, Counterclaims ¶¶ 46, 48, 56, 59.)  At the Federal Circuit, Peak Tactical separately argues that the appeal should be read narrowly, contending the March 11 discovery order is not properly before that court.  (*ABC IP, LLC v. Peak Tactical, LLC*, No. 26-1527, Dkt. 34 at 49 (Fed. Cir. May 28, 2026).)  A party that is itself litigating the appealed patents in the district court cannot maintain that the appeal strips that same court of jurisdiction over a different patent that is not on appeal at all.

There is also little to no overlap between the substance of this Motion and the appeal, and Defendants' overlap chart (Dkt. 86 at 9–10) is wrong.  Its rows fail one by one:

- Patents.  The appeal concerns the '223, '003, '336, and '807 Patents.  This Motion concerns the '403 Patent.  The chart treats them as interchangeable based only on the double-patenting disclaimer, which does not make the claims the same.  *See* § III.B, *infra*.

6

- <u>Validity</u>. The Wyoming "substantial question" addressed four claims of those other patents. No analysis anywhere—not from Peak Tactical's expert, not from counsel, not from the Wyoming court—maps any prior-art reference onto any asserted claim of the '403 Patent. (Harrison Decl. ¶¶ 22–24.) The '403 Patent was allowed over that same art. *See* § III.B, *infra*.

- <u>Infringement</u>. The Wyoming likelihood ruling turned on one unconstrued term, "substantially in-battery position." (Dkt. 39 at 25.) The asserted claims of the '403 Patent do not turn on that term. *See* § III.B, *infra*.

- <u>Accused product</u>. That both motions concern the Disruptor says nothing about which patents or orders are on appeal.

- <u>Irreparable harm, equities, and public interest</u>. Each turns on the record before the deciding court. The Federal Circuit will decide only whether the Wyoming court abused its discretion on the Wyoming record, not whether Rare Breed can prove these factors on the fuller record here. *See Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190, 1203 (Fed. Cir. 2017) ("Both the Fifth Circuit and the Federal Circuit review preliminary injunctions for an abuse of discretion.").

Even if the chart's overlaps were real—and they are not—Defendants would still be wrong. Divestiture does not turn on whether this Motion and the appeal share issues. It turns on whether the '403 Patent is one of "those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. It is not. A patent that is not before the Federal Circuit is not an aspect of the appeal, however much the underlying disputes may overlap (which they don't). The Court retains jurisdiction over the Motion and should decide it.

7

**B.**      **This is Rare Breed's first motion against Defendants on the '403 Patent, not a "fourth bite."**

Defendants next ask the Court to deny the Motion as a "fourth bite at the apple," contending that it repackages the dispute the Wyoming court already resolved. (Dkt. 86 at 6–7.) That premise is doubly mistaken. This is the first motion Rare Breed has filed on the '403 Patent, and the Wyoming court decided different claims of different patents on an expressly preliminary record.

As an initial matter, Defendants' count does not survive inspection. Of Defendants' four "bites," the second was a motion for discovery, not a request for injunctive relief, and the third is the appeal itself—the ordinary means of reviewing the first denial, and the same appeal Defendants elsewhere contend divests this Court of jurisdiction. An appeal cannot be both an improper extra request for relief and the event that bars the first request here.

In any event, serial-motion and reconsideration doctrines share a threshold requirement: a prior decision of the same question. Defendants' own authority supplies the standard, permitting a renewed request only on "an intervening change in the controlling law, [] new evidence previously unavailable, [or] the need to correct clear error . . . ." (Dkt. 86 at 11 (quoting *Schmeisser GmbH v. AC-Unity D.O.O.*, 2021 WL 7286251, at *3 (D. Wyo. Aug. 23, 2021)).) A preliminary-injunction ruling is not such a decision. The Supreme Court has held that findings made on a preliminary injunction are "not binding" at later stages and must not be equated with success on the merits. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981).

The asserted claims are new. The '403 Patent issued after the Wyoming ruling, and claims 14, 15, 17, 29, 30, 32, 38, and 39 have never been asserted, construed, or adjudicated in any court as to the accused product. (Harrison Decl. ¶ 22.) A first motion on claims that did not exist when the earlier motion was decided is not reconsideration of anything.

8

The allowance is new evidence, even on Defendants' own standard.  The Patent Office was presented the same prior art Peak Tactical relied on in Wyoming, and it allowed the asserted claims without a single prior-art rejection.  (Harrison Decl. ¶¶ 14–16.)  That allowance postdates the Wyoming hearing and could not have been presented there.  The sole rejection was for obviousness-type double patenting, which Rare Breed resolved with a terminal disclaimer.  A terminal disclaimer limits patent term.  It does not concede that the disclaimed claims share the scope of the earlier claims, and it "is not an admission" of the propriety of the rejection.  *Quad Env'l Techs. Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 874 (Fed. Cir. 1991) ("[A] terminal disclaimer is of circumscribed availability and effect.  It is not an admission of obviousness of the later-filed *claimed* invention in light of the earlier-filed *disclosure*, for that is not the basis of the disclaimer.")

No one has performed the analysis Defendants assume.  Defendants assert that the Wyoming "substantial question of validity" as to the four appealed claims "applies with equal force" to the '403 Patent.  (Dkt. 86 at 13.)  The Opposition maps no reference onto any asserted claim of the '403 Patent, element-by-element or otherwise.  (Harrison Decl. ¶¶ 23, 25.)  It does not even compare the claims of the '403 Patent to the claims decided in Wyoming, despite asserting that they are the "same."  (Dkt. 86 at 2.)  Even in Wyoming, Peak Tactical's expert declaration only referenced invalidity claim charts that Peak Tactical never produced.  (*ABC IP, LLC v. Peak Tactical, LLC*, No. 26-1527, Dkt. 26 at 21 (Fed. Cir. Apr. 13, 2026).)  An invalidity question is claim-specific; a conclusion about one set of claims does not carry over to different claims reciting different limitations.  (Harrison Decl. ¶ 12.)

The construction dispute does not carry over either.  The Wyoming likelihood ruling turned on one term the court could not construe on the record before it, "substantially in-battery position." (Dkt. 39 at 25.)  The asserted claims of the '403 Patent do not depend on that term.  Independent

claims 14, 17, and 32 recite "a substantially in-battery position or an in-battery position," and claims 38 and 39 do not use the term at all. (Harrison Decl. ¶ 21; '403 Patent cls. 14, 17, 32, 38–39.) A limitation written in the alternative is met by either alternative. *Schumer v. Lab'y Computer Sys., Inc.*, 308 F.3d 1304, 1311 (Fed. Cir. 2002) ("We have consistently interpreted the word 'or' to mean that the items in the sequence are alternatives to each other.") The ambiguity the Wyoming court identified concerned the qualifier "substantially"; Peak Tactical never contended that an "in-battery position," unqualified, requires construction. (Dkt. 39 at 24–25.)

Defendants' *Kessler* analogy fails at the same threshold. (*See* Dkt. 86 at 12 n.4.) *Kessler* protects a party only after a final judgment settling its rights. *Kessler v. Eldred*, 206 U.S. 285, 289 (1907); *Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1055–56 (Fed. Cir. 2014). The Wyoming order is not a final judgment. It denied preliminary relief, stated that its findings "do not constitute a determination on the merits," and left the parties to "proceed under the status quo while the case proceeds on the merits." (Dkt. 39 at 34–35.) This is the first motion on a new patent, on new evidence, on claims no court has addressed. It is not a fourth attempt to relitigate a decided question.

## C.    Defendants' alternative requests fail.

Defendants' fallback is to ask the Court not to decide the Motion now. They would either stay it pending the appeal or defer their merits opposition until discovery. (Dkt. 86 at 10, 13–15.) Both fail, and both would produce the same result: preliminary relief withheld with no ruling on whether it is warranted. The burden is Defendants', and they have not carried it.

A stay pending another proceeding is not a matter of right. The movant "must make out a clear case of hardship or inequity," and any stay must be "so framed in its inception that its force will be spent within reasonable limits." *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 257 (1936). A stay of "immoderate" or "indefinite duration" is reversible. *Wedgeworth v. Fibreboard Corp.*, 706

10

F.2d 541, 545 (5th Cir. 1983). And a stay is warranted only where the other proceeding will likely simplify the issues here. *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 663 (E.D. Tex. 2005).

The requested stay meets none of these conditions. It is indefinite. The appeal is set for argument in September 2026, but no decision date is set, and a decision may not issue for many months after argument. It would not simplify anything. The appeal is reviewed for abuse of discretion on the Wyoming record; it will decide only whether that court erred on that record, not whether Rare Breed can establish infringement, validity, or harm as to the '403 Patent here. *See Tinnus*, 846 F.3d at 1203. The '403 Patent is not on appeal, so there is no risk of inconsistent adjudication to avoid. Meanwhile the harm compounds. For as long as it lasted, a stay would deliver the whole practical effect of a denial while withholding the findings a ruling requires.

Deferral fares no better. A party need not take discovery to answer a motion built on facts already within its knowledge. Whether the Disruptor copies Rare Breed's patented trigger is a fact about Defendants' own product, and Peak Tactical's witness has admitted it under oath. (Mot. at 1, 7–8; Colvin Decl., Ex. 1 at 57:14–58:24, 80:14–18.) Whether the '403 Patent issued over the art Peak Tactical raised in Wyoming is a matter of the public file history. (Harrison Decl. ¶¶ 14–16.) Neither requires discovery. Defendants filed fifteen pages and addressed neither. The record they now say they must have is the record Peak Tactical declined to build in Wyoming, where it called no witnesses and did not present its retained experts. (*ABC IP, LLC v. Peak Tactical, LLC*, No. 26-1527, Dkt. 26 at 21–22 (Fed. Cir. Apr. 13, 2026).)

Nor should resolution of the PI Motion be stayed pending expedited discovery. Defendants hold the information they need to respond to the motion, and that information will inform the scope

11

and content of expedited discovery.  Any discovery Defendants intend to seek—they have asked for none to date—may be incorporated into a sur-reply.

Defendants' last point—that the '403 Patent must be added to the operative complaints (Dkt. 86 at 6 n.3)—does not counsel deferral either.  The leave motions are routine.  They add the '403 Patent, which covers the same accused product already at the center of each case, so they are not futile.  Rare Breed moved promptly.  *De Beers* concerned interim relief of a different character than the final relief sought, and *Flores* concerned claims absent from the complaint.  *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945); *Flores v. Sanders*, No. 6:21-cv-00145-JDL, 2022 WL 18276842, at *2 (E.D. Tex. May 12, 2022).  Here the '403 Patent is in the operative complaints in several actions and the subject of prompt, routine leave motions in this action.  Where leave has not already been granted, the Court can grant leave and decide the Motion on the amended complaints together.  That sequence is the ordinary operation of the rules, not an end-run around them.

**D.      The unrebutted record establishes each preliminary-injunction factor.**

Defendants contest none of the four preliminary-injunction factors.  The Motion's evidence on each therefore stands unrebutted, and it establishes Rare Breed's entitlement to relief.

Rare Breed is likely to succeed on the merits.  The Disruptor is an admitted copy.  (Colvin Decl., Ex. 1 at 80:14–18.)  Rare Breed's expert maps each limitation of the asserted claims to the Disruptor.  (Mot. at 21–24; Luettke Decl. ¶¶ 35–36.)  The '403 Patent is presumed valid, 35 U.S.C. § 282, and issued over the art Peak Tactical raised in Wyoming without a prior-art rejection.  (Harrison Decl. ¶¶ 14–16.)  Defendants offer no claim construction, no non-infringement analysis, and no invalidity analysis directed to any asserted claim.

The harm is irreparable, and the copying is at the center of it.  Defendants sell a direct copy of Rare Breed's own patented product at prices 19% to 39% below Rare Breed's—forcing Rare

12

Breed to compete against its own patented design and driving down the price of that design directly. (Mot. at 28–29.) Rare Breed and the sellers of the Disruptor are direct competitors in a small, durable-goods market Rare Breed created. In that setting, lost market share, price erosion, and lost customers are irreparable. *See Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159, 1170–71 (Fed. Cir. 2014). Competing against infringing copies also harms Rare Breed's reputation as the innovator, a harm money cannot readily repair. *See Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1344–45 (Fed. Cir. 2013). The Motion documents each. (Mot. at 25–34; DeMonico Decl. ¶¶ 38–39, 42, 63; Eichmann Decl. ¶¶ 10, 26–28, 47.) None of it is answered.

The balance of equities favors relief. The only hardship Defendants identify is the loss of sales they chose to make after notice of Rare Breed's patents. A business built on copying a competitor's patented product has no equitable claim to continue selling that copy. (Mot. at 34–38.)

The public interest favors relief. It lies in enforcing valid patents, and the DOJ settlement affirmatively requires Rare Breed to do so. (Mot. at 39.) Defendants identify no countervailing public interest that an injunction would harm.

Defendants' time to respond to the Motion has run, and they used it to file a document titled an opposition that asks for leave to file an opposition later. If Defendants believed they could not respond without discovery, the rules supplied their options: move for an extension, move to defer briefing, or move for the discovery itself. They filed none of those motions. Nor was any needed. Defendants could have opposed the Motion on the facts already in their possession—their own product, their own witness's testimony, the public file history—and addressed any later-developed material in the sur-reply available to them under this Court's rules. Defendants chose

13

instead to hold any merits arguments they may have in reserve. Whatever its title, the Opposition is Defendants' response to the Motion, and the Motion is ripe for decision on it.

## IV.     CONCLUSION

The Court should reject Defendants' threshold arguments, reach the Motion on the record before it, and enter the requested preliminary injunction.

DATED: August 5, 2026                    Respectfully submitted,

                                         */s/ Matthew A. Colvin*
                                         Matthew A. Colvin
                                         Texas Bar No. 24087331
                                         Carl E. Bruce
                                         Texas Bar No. 24036278
                                         **FISH & RICHARDSON P.C.**
                                         1717 Main Street, Suite 5000
                                         Dallas, TX 75201
                                         E-mail: colvin@fr.com
                                                 bruce@fr.com
                                         Tel: (214) 747-5070
                                         Fax: (214) 747-2091

                                         Benjamin J. Christoff
                                         DC Bar No. 1025635
                                         **FISH & RICHARDSON P.C.**
                                         1000 Maine Avenue SW, Suite 1000
                                         Washington, DC 20024
                                         E-mail: christoff@fr.com
                                         Tel: (202) 783-5070
                                         Fax: (202) 783-2331

                                         Glenn D. Bellamy *(admitted pro hac vice)*
                                         **WOOD HERRON & EVANS LLP**
                                         600 Vine Street, Suite 2800
                                         Cincinnati, OH 45202
                                         E-mail: gbellamy@whe-law.com
                                         Tel: (513) 707-0243
                                         Fax: (513) 241-6234

14

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

15

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 5, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin