**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

|  |  |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **MDL No. 4:26-md-03176-ALM** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC., <br><br>         Plaintiffs, <br><br> v. <br><br> DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW, <br><br>         Defendants. | Civil Action No. 4:26-cv-00377-ALM |

**ABC IP, LLC, AND RARE BREED TRIGGERS, INC.'S REPLY IN SUPPORT OF**
**<u>CONSOLIDATED MOTION FOR EXPEDITED DISCOVERY</u>**

## I.    INTRODUCTION

Rare Breed asks the Court to allow discovery into three targeted areas relevant to the PI Motion—irreparable harm, likelihood of success, and scope of injunctive relief—with a narrowly tailored set of discovery requests: three interrogatories, four requests for production, and abbreviated depositions of the named defendants.  (*See ABC IP, LLC v. Peak Tactical, LLC*, No. 4:26-cv-00698, Dkt. 80 ("Mot.") at 5.)[1]  In opposition, Defendants assume away the PI Motion and treat themselves collectively so as to overstate their burden.  But these abstractions distort the *Huawei* factors.  *See id.* at 2; *Huawei Techs. Co. v. Huang*, No. 4:17-cv-893, 2018 WL 10127086, at *2 (E.D. Tex. Feb. 13, 2018).  Properly treated, each weighs in favor of expedited discovery.

## II.    ARGUMENT

### A.    The Good Cause Factors Favor Expedited Discovery

#### 1.    Factors 1 & 3: The PI Motion is Properly Before this Court

Factor 1 asks whether a preliminary injunction motion is pending.  *Huawei*, 2018 WL 10127086, at *2.  One is, and Defendants do not contend otherwise.  They argue instead that the PI Motion is jurisdictionally and procedurally barred.  Rare Breed answers those threshold arguments in full in its reply in support of the PI Motion.  (*See* Dkt. 69 at 5–7.)  In brief, the pending appeal does not divest this Court of jurisdiction, because divestiture extends only to "those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), and the appeal concerns the denial of preliminary relief on four different patents, in a different action, against a different set of defendants.  The '403 Patent issued after that notice of appeal, was never presented to the Wyoming court, and is not before the Federal Circuit.  Nor is

---

[1] Rare Breed's Consolidated Motion for Expedited Discovery was filed in *ABC IP, LLC v. Peak Tactical, LLC*, No. 4:26-cv-00698, and joined in the present case. (*See ABC IP, LLC v. DNT LLC*, No. 4:26-cv-00377, Dkt. 62 at 3.)

the PI Motion an impermissible successive request: the newly issued '403 Patent is the "new and additional matter" that Defendants' own authority requires. (*See* Dkt. 67 at 11.)  Lastly, DNT was not a party to the Wyoming action and is not a party to the appeal.  Cases consolidated under § 1407 for pretrial proceedings "ordinarily retain their separate identities," and § 1407 "refers to individual 'actions' which may be transferred to a single district court, not to any monolithic multidistrict 'action' created by transfer." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015).  No order in this action has been appealed.  The Wyoming order was entered in a different action, in which these Defendants were not parties.  It did not address DNT's products, sales, or financial condition, and no court has.

In all events, Factor 1 does not ask the Court to test the merits of the PI Motion before permitting discovery in aid of it.  Defendants' authorities hold only that a pending motion is not *per se* good cause, and neither supports their argument. *Northstar* involved overbroad requests with ***no pending request for preliminary injunctive relief***. *Northstar Offshore Ventures, LLC v. Tana Expl. Co., LLC*, No. 3:18-cv-2025-N, 2018 WL 3970616, at *8 (N.D. Tex. Aug. 20, 2018). Here, Rare Breed's PI Motion is filed, pending, and directed to a specific product, and each request is tied to the PI issues it addresses. (*See* Mot. at 5–6.)

*OrthoAccel* is worse for Defendants.  There, the court rejected the same effort to defeat Factor 1 by previewing merits arguments, holding those objections belong to "preliminary injunction-style analysis," not the "good cause" inquiry. *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-cv-350, 2016 WL 3747222, at *4 (E.D. Tex. July 13, 2016).  Their threshold defenses belong to the PI Motion, not this discovery motion, and their request for reciprocal discovery confirms that a developed record would aid resolution of the PI Motion.  (*See* Dkt. 91 at 8–9.)

2

Factor 3 follows.  The purpose of the requested discovery is to develop the record on irreparable harm, likelihood of success, and the proper scope of any injunction—facts concerning Defendants' financial condition, sales, sourcing, and product configurations that lie within Defendants' exclusive possession.  (*See* Mot. at 5–7.)  These facts are highly relevant to a motion for preliminary injunction.  *See, e.g., Bright Data Ltd. v. Teso LT, UAB*, 584 F. Supp. 3d 193, 199 (E.D. Tex. 2022).  Defendants offer no competing account of purpose.  They repeat that the PI Motion is improper and recast the discovery as an attempt to "repair" the Wyoming record.  (*See* Dkt. 68 at 7–8.)  That characterization is wrong.  The '403 Patent, the accused products sold by the reseller and distributor Defendants, and those Defendants' own sales and financial information were never at issue in Wyoming, and no court has considered them.

2. **Factors 2, 4 & 5: Rare Breed's Requested Discovery Is Narrowly Tailored to Issues Relevant to Its PI Motion and Does Not Impose an Undue Burden**

Rare Breed's proposed discovery seeks information related to three topics essential to the determination of the PI Motion: irreparable harm, likelihood of success, and scope of injunctive relief.  The motion for expedited discovery ties each of these categories to the proposed discovery.  (*See* Mot. at 5–6.)  Defendants overstate the scope of the proposed discovery in their opposition: Rare Breed does not seek 33 interrogatory responses and 44 document requests—it seeks three interrogatories and four document requests.  (*Compare* Dkt. 68 at 6–7 *with ABC IP, LLC v. Peak Tactical, LLC*, No. 4:26-cv-00698, Dkts. 80-2 & 80-3.)  Likewise, Rare Breed asks the Court for one deposition for each defendant, each deposition limited to roughly half the duration allowed by the Federal Rules.  These requests are targeted at obtaining the information needed to decide the PI Motion on a full record.

And contrary to Defendants' arguments in opposition, the financial discovery requested is neither foreclosed by the Wyoming court's order nor intended "to pursue double recovery from

3

manufacturer and dealer defendants." (Dkt. 68 at 7–8.)  First, the Wyoming court's order, which concerned different patents and a different record on irreparable harm, is not binding on this Court. (*See* Dkt. 69 at 6–7.)  Second, as stated in the motion for expedited discovery, the proposed requests are aimed at determining the ability of each defendant to satisfy a money judgment.  (*See* Mot. at 5.)  The discovery does not seek "stack[ed] recovery;" it seeks to determine whether any defendant could make Rare Breed whole.  (Dkt. 68 at 8 (quoting *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1560–61 (Fed. Cir. 1983)).)

Finally, Defendants argue that Factor 5 (timing) weighs against granting the Motion because the '403 Patent is not yet in some of the operative complaints.  But the motions for leave are routine and promptly made.  And courts may consider motions to amend and preliminary injunction motions concurrently.  *Jackson Women's Health Org. v. Dobbs*, 379 F. Supp. 3d 549, 551–53 (S.D. Miss. 2019) (granting leave to add a claim and entering injunction), *aff'd*, 951 F.3d 246 (5th Cir. 2020), *abrogated on other grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022).  The same principle holds for allowing expedited discovery.

Defendants' remaining authorities are readily distinguished on their facts.  In *Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, No. 98-cv-2782, 1998 WL 404820 (E.D. Pa. July 15, 1998), the court denied expedited discovery because the requests were "wholly overbroad in scope" and lacked "reasonable boundaries"—demanding "all documents having any connection" to the products and the identity of the personnel connected with them, which threatened a "daunting" number of depositions with the injunction hearing two weeks away.  *Id.* at *2–3. Rare Breed's requests are restrained: capped at three interrogatories and four requests per grouping, expressly bounded by "documents sufficient to show" limiters and a narrowing instruction, and paired with depositions about half the default length.  In *BHI Energy I Power*

*Services, LLC v. KVP Energy Services, LLC*, No. 3:22-cv-1981, 2023 WL 223179 (N.D. Tex. Jan. 17, 2023), the court denied expedited discovery because the requests were "unreasonably extensive and broad in nature" and "not . . . narrowly tailored"—including a demand to forensically image the defendants' personal and home computers, tablets, and phones. *Id.* at *7–8. Rare Breed's requested discovery is far more tailored and less intrusive than that in *BHI Energy*.

### B.      Rare Breed's Schedule Is the Fairer Option

Defendants propose no specific discovery that they would seek, make no proposal as to a schedule for expedited discovery, and yet they ask the Court to pause briefing on Rare Breed's PI Motion pending the conclusion of expedited discovery. (Dkt. 67 at 14–15.)

***First***, Defendants' arguments concerning the schedule are not a reason to deny the motion. Should the Court allow expedited discovery, the parties may separately negotiate—or the Court may order—an appropriate schedule for discovery. ***Second***, Rare Breed's proposed schedule is the more reasonable proposal. Rare Breed prepared its opening brief without the benefit of any formal discovery. Meanwhile, Defendants hold the details on the operation of their own products and their financial condition necessary to respond to Rare Breed's PI Motion. Defendants should respond now, let that response frame reciprocal discovery, and incorporate any discovery they may take in sur-reply. Defendants argue that it is procedurally improper to raise arguments in their sur-reply that address Rare Breed's reply, but Local Rule CV-7(f) expressly contemplates this. *See* Local Rule CV-7(f) ("A sur-reply ***responding to issues raised in the reply*** . . . .") (emphasis added).

### III.    CONCLUSION

For the foregoing reasons, the Court should grant Rare Breed's Consolidated Motion for Expedited Discovery.

DATED: August 5, 2026   Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
    bruce@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Glenn D. Bellamy *(admitted pro hac vice)*
**WOOD HERRON & EVANS LLP**
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

*Attorneys for Plaintiffs*
*ABC IP, LLC and Rare Breed Triggers, Inc.*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 5, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Matthew A. Colvin
Matthew A. Colvin
