**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | 4:26-md-03176-ALM<br>MDL 3176 |
| ABC IP, LLC, *et al.*,<br><br>            Plaintiffs,<br><br>      v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, *et al.*,<br><br>            Defendants. | Civil Action No. 4:26-cv-00377-ALM |

<u>**DEFENDANTS DNT LLC AND ZACH MORROW'S SUR-REPLY IN OPPOSITION TO PLAINTIFFS' CONSOLIDATED MOTION FOR EXPEDITED DISCOVERY**</u>

**INTRODUCTION**

Since filing their Reply, Plaintiffs have withdrawn their Consolidated Motion for Expedited Discovery as to every Defendant except DNT. (Dkt. 91.)[1] That withdrawal answers the Reply better than any brief could. Discovery that Plaintiffs told this Court was essential to develop the record for their Second PI Motion—from the manufacturer of the accused Disruptor trigger and ten other Defendant groups—has been abandoned as to all of them. What remains is a demand that a single small Defendant, alone among all Defendants, open its books, produce its communications, and sit for depositions on an emergency schedule, all in service of a preliminary injunction motion that seeks relief the Federal Circuit is presently reviewing. The narrowed Motion does not present a closer question; it presents a starker one. It should be denied.

## I.    ARGUMENT

### A.    The Reply Does Not Answer the Threshold Defects in the Second PI Motion.

The Reply's answer to divestiture reduces to patent-counting: because the notice of appeal lists four other patents, Rare Breed says, the Second PI Motion involves different "aspects of the case." (Reply at 1–2.) But *Griggs* turns on the aspects of the case involved in the appeal, not on the patent numbers recited in the notice. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). What Rare Breed has placed before the Federal Circuit is whether sales of the Disruptor trigger should be preliminarily enjoined on its theories of price erosion, market displacement, reputational injury, distribution disruption, and collectability. Those are the very preliminary injunction elements—irreparable harm and the equities—on which Rare Breed now asks this Court to build a new record. The '403 Patent does not change the analysis of those

---

[1] Citations to "Mot.," "Opp'n," and "Reply" refer, respectively, to Plaintiffs' Consolidated Motion for Expedited Discovery (*ABC IP, LLC v. Peak Tactical, LLC*, No. 4:26-cv-00698, Dkt. 80), Defendants' Opposition (Dkt. 68), and Plaintiffs' Reply (Dkt. 70). This sur-reply responds only to issues raised in the Reply and addresses Plaintiffs' subsequent withdrawal of the Motion as to all Defendants other than DNT. See Local Rule CV-7(f).

elements: the alleged product, the alleged market, and the alleged harms are identical. A district court asked to grant the same extraordinary relief on the same theories while those theories are on appeal "ought not to extend to the point that the district court can divest the court of appeals from jurisdiction." *Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989).

Nor is the '403 Patent the "new and additional matter" that Rare Breed's own authority requires. (Reply at 2.) The rule against serial preliminary injunction motions asks whether the movant "presents new and additional matter *discovered* since the former hearing." *Khalil v. Trump*, 793 F. Supp. 3d 630, 633 (D.N.J. 2025). A continuation patent is not discovered; it is manufactured. The '403 Patent issued from the same family, shares the same disclosure, and—as Rare Breed concedes—covers the same accused product and underlying technology as the patents on which preliminary relief was already denied. If prosecuting a continuation reset the counter, a patentee could generate a perpetual entitlement to emergency relief, one continuation at a time. That is the "barrage of successive motions for extraordinary, preliminary injunctive relief" the courts condemn. *F.W. Kerr Chem. Co. v. Crandall Assocs., Inc.*, 815 F.2d 426, 429 (6th Cir. 1987). And that rule constrains the *movant*. DNT was not a party to the Wyoming action, but Rare Breed was: it requested an emergency hearing, presented its irreparable-harm case as to the same product, and lost on every factor. It may not re-run the identical request against a downstream reseller of the same product simply by changing the caption.

Finally, the Reply's citation to *Jackson Women's Health* (Reply at 4) does not answer the pleading problem. That case involved a single plaintiff adding a single claim; it did not bless emergency discovery keyed to a patent that is not in the operative complaint as to DNT while Plaintiffs' motion for leave to amend remains unresolved. "[A] request for a preliminary injunction

must be based on allegations related to the claims in the complaint." *Flores v. Sanders*, No. 6:21-cv-00145-JDL, 2022 WL 18276842, at \*2 (E.D. Tex. May 12, 2022).

### B.     <u>Plaintiffs' Withdrawal of the Motion as to Every Other Defendant Defeats the Stated Purpose of the Remaining Discovery.</u>

The Reply defends the requested discovery as necessary to develop the record on irreparable harm, likelihood of success, and the scope of injunctive relief for the Second PI Motion. (Reply at 3.) Plaintiffs' own conduct has since refuted that claim. If the discovery were genuinely essential to the preliminary injunction record, Plaintiffs would not have abandoned it as to Peak Tactical—the manufacturer of the accused Disruptor, whose product configuration, sales, and finances would matter most to every one of the three stated topics—or as to the ten other Defendant groups against whom the Second PI Motion seeks relief. Plaintiffs cannot maintain a consolidated preliminary injunction motion against numerous Defendants while telling this Court that the factual record it needs can be supplied by expedited discovery from a single reseller. The withdrawal severs the connection between the discovery and its stated purpose, and Factor 3 now weighs decisively against the Motion.

What remains is also not proportionate merely because it is smaller. The requests still demand DNT's complete financial picture—current financial condition, assets, liabilities, cash positions, bank accounts, insurance policies, monthly sales, revenue, profits, and inventory—along with customer identities, suppliers, product functionality, third-party communications, and litigation contingency planning, followed by depositions of both DNT and Mr. Morrow, all on a compressed emergency schedule. (Opp'n at 6–7.) For a small business, that is the burden of full-blown merits and damages discovery, imposed before the Rule 26(f) conference and before the '403 Patent is even in the operative complaint. "Expedited discovery is not the norm," *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011), and nothing about

DNT justifies making it the exception: Plaintiffs offer no reason—in the Motion, the Reply, or their withdrawal—why DNT alone, of all the Defendants, should bear expedited discovery.

The collectability rationale fares no better as to a single reseller. Rare Breed's theory is that discovery into a defendant's finances bears on irreparable harm because the defendant may be unable to satisfy a judgment. (Mot. at 5; Reply at 4.) But market-wide irreparable harm—price erosion, market displacement, reputational injury—cannot be established or refuted by one reseller's bank balances, and a collectability theory keyed to DNT presumes a damages entitlement that no court has found. Rare Breed presented the same irreparable-harm theories, as to the same product, to the Wyoming court and failed to establish them. *ABC IP, LLC v. Peak Tactical, LLC*, No. 2:26-cv-00018, Dkt. 39 (D. Wyo.). That order is not offered as binding on DNT or this Court; it is part of "the entirety of the record to date" that this District's good-cause standard directs the Court to consider. *DIRECTV, LLC v. WNK Assocs., Inc.*, No. 6:22-cv-00423-JDK, 2022 U.S. Dist. LEXIS 228810, at *2 (E.D. Tex. Dec. 20, 2022).

### C.     The Reply Concedes—Rather Than Cures—the Sequencing Problem.

On sequencing, the Reply's position is now explicit: Defendants should file their merits opposition first and "incorporate any discovery they may take in sur-reply." (Reply at 5.) That is a concession, not a cure. Local Rule CV-7(f) permits a sur-reply "responding to issues raised in the reply"; it is a sharply limited filing, not the evidentiary vehicle for a party's substantive opposition to a preliminary injunction. Under Plaintiffs' proposal, Rare Breed—which filed its opening brief without any formal discovery—would take discovery from DNT, study the record, and deploy it in reply, while DNT would be forced to oppose the injunction blind and then compress its record-based arguments into a constrained sur-reply. That remains litigation by

4

ambush, and the unfairness is sharper now that DNT is the only Defendant singled out to supply Plaintiffs' record.

The Reply's remaining schedule points confirm the problem. Rare Breed now suggests that "the parties may separately negotiate—or the Court may order—an appropriate schedule" (Reply at 5), an implicit acknowledgment that its proposed twenty-day response and twenty-one-day deposition windows were never workable. And Rare Breed does not dispute that, in Wyoming, it sought and obtained an abeyance of its own response deadline pending a discovery ruling because premature briefing would prejudice it. (Opp'n at 9–10.) DNT asks only for the same basic fairness: if the Court permits any expedited discovery, it should be narrow, mutual, and truly reciprocal, and DNT's merits-opposition deadline should follow the completion of that reciprocal discovery.

## **CONCLUSION**

For these reasons and those stated in Defendants' Opposition, the Court should deny what remains of Plaintiffs' Consolidated Motion for Expedited Discovery. If the Court permits any expedited discovery notwithstanding the threshold defects, it should order only narrow, mutual, and reciprocal discovery and should set DNT's deadline to oppose the Second PI Motion after all permitted reciprocal discovery is complete.

Dated: August 13, 2026

Respectfully submitted,

**EMERSON, THOMSON & BENNETT, LLC**

*/s/ John M. Skeriotis*
John M. Skeriotis (Ohio Bar # 0069263)
jms@etblaw.com
1914 Akron-Peninsula Rd.
Akron, Ohio 44313
(330) 434-9999 – Telephone
(330) 434-8888 – Facsimile
*One of the Attorneys for Defendants DNT LLC and Zach Morrow*

5