[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HANES TACTICAL, LLC, *et al.*,<br><br>Defendants. | Civil Action No. 4:26-cv-00369-ALM |

[redacted]

**DECLARATION OF DAMION TERRELL BENNETT IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' CONSOLIDATED MOTION FOR PRELIMINARY INJUNCTION**

I, Damion Terrell Bennett, declare as follows:

1. My name is Damion Terrell Bennett. I am the sole member and manager of Hanes Tactical, LLC ("Hanes Tactical"). I submit this declaration in support of Defendants' Opposition to Plaintiffs' Consolidated Motion for Preliminary Injunction. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. Hanes Tactical is a Texas limited liability company formed in El Paso . I am its sole member and manager, and Hanes Tactical operates from El Paso, Texas .

3. Hanes Tactical is, in substance, a one-person operation. I personally perform substantially all of the business's functions, including product sourcing and preparation, listings,

order fulfillment, customer service, and recordkeeping. Hanes Tactical has no employees other than me.

4. Hanes Tactical sold Super Safety products and triggers under its own name.

5. The products are modular: they supply certain components, and the customer supplies or reuses the remaining standard fire-control parts and performs the installation.

6. Based on my experience selling to customers of forced reset trigger ("FRT") products, customers commonly switch between FRT products for many reasons, including product failures; preferences in trigger feel, shape, and look; functionality differences; curiosity; and spur-of-the-moment purchasing. The firearms-accessories market has many customers with varied and changing preferences, wants, and needs, and customers sometimes change out a product merely out of curiosity or to try something new.

7. Switching costs for users are insignificant. A customer who installs one FRT product is not wedded to that platform or style; the customer can readily remove it and install a different product, reusing standard fire-control components.

8. Hanes Tactical's customers were generally do-it-yourself ("DIY") firearm enthusiasts and hobbyists who affirmatively want lower-priced, modular components that they can install, uninstall, reinstall, service, and combine with other parts of their choosing, including third-party triggers.

9. In my experience, Hanes Tactical's customers understand that its prices were lower than Rare Breed's prices in significant part because the products were modular and install-it-yourself: the customer supplies or reuses several standard fire-control components and performs the installation, rather than buying a complete, closed drop-in assembly at a premium price.

10. The modularity is itself a selling point. Customers can later switch or upgrade trigger assemblies—for example, to a higher-end trigger or simply a different style of trigger—without replacing an entire drop-in unit. In my experience, this is a strong selling point and an advantage over Rare Breed's closed, drop-in products.

11. Repeat purchasing is common. Customers purchase additional or different FRT products for additional rifles, purchase replacement or upgrade components, and try different products over time.

12. I have seen a growing number of customers who want two-stage triggers, or who at least want the option to install one. The modular products Hanes Tactical sold were compatible with two-stage triggers. I understand that Rare Breed's single-stage FRT-15L3 does not offer that option.

13. The Super Safety replaces the rifle's standard safety selector with a push-button cam—a visibly and functionally different user interface from a standard selector and from Rare Breed's drop-in units. In my experience, a reasonably knowledgeable customer recognizes this difference when making the purchasing decision, and the difference is immediately apparent once the product is installed, so the customer would not be confused about whose product is installed.

14. Hanes Tactical has never sold any products to East Valley Tactical.

15. Hanes Tactical has ceased selling the accused products.

16. Hanes Tactical has not asked or required any dealer or customer to make product-specific investments in training, compliance processes, or inventory, and I am not aware of any dealer or customer that has declined to purchase or carry Rare Breed products because of Hanes Tactical.

17. I have invested substantial personal time and money in developing and commercializing Hanes Tactical's products and business, including marketing, advertisement, product development and testing, tooling and fixtures, inventory, website and building its customer base.

18. Hanes Tactical is a non-diversified business. The accused products and related or similar firearm mechanisms were the core of its operations and account for substantially all of its revenue. Hanes Tactical has no other product line that could meaningfully replace those sales.

19. The investments described above are largely sunk. They could not be recovered if Hanes Tactical were enjoined, and the inventory Hanes Tactical holds would be stranded.

20. Hanes Tactical's total revenue from the accused product categories over the twelve months preceding the cessation of its sales was [redacted]. Based on my knowledge of Hanes Tactical's finances, Hanes Tactical could pay a judgment based on a reasonable royalty in the range of 5% to 8% of its accused sales over time.

21. Because Hanes Tactical is a one-person business, the requested preliminary injunction would not merely restrict a product line—it would foreclose the business's ability to operate and eliminate my livelihood. It would strand inventory, destroy the goodwill and customer relationships I have built, disrupt Hanes Tactical's suppliers, and destroy the value of my sunk investments—all before any determination on the merits of Plaintiffs' claims, which Hanes Tactical disputes.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Tuesday August 11th, 2026, at _08:00AM____________________________.

Damion Terrell Bennett