# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Panel Litigation** | **4:26-md-03176**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>80MILLS LLC, d/b/a TACTICAL TITAN SUPPLY, and PEARSON GARDNER,<br><br>*Defendants.* | Civil No. 4:26-CV-00380 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DNT LLC, d/b/a DEEZ NUTZ TACTICAL, and ZACH MORROW,<br><br>*Defendants.* | Civil No. 4:26-CV-00377 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>HANES TACTICAL, LLC and DAMION TERRELL BENNETT,<br><br>*Defendants.* | Civil No. 4:26-CV-00369 |

| | |
|---|---|
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>HARRISON GUNWORKS LLC, and TYLER HARRISON,<br><br>*Defendants.* | Civil No. 4:26-CV-00379 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>STEVEN THANH NGUYEN, d/b/a POLYMER PEW<br><br>*Defendants.* | Civil No. 4:26-CV-00425 |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br><br>*Plaintiffs,*<br><br>v.<br><br>Z3 PRODUCTIONS, LLC, d/b/a Z3PRO,<br><br>*Defendant.* | Civil No. 4:26-CV-00367 |

## ORDER

Pending before the Court is Plaintiffs' Motion to Strike Defendants' Untimely Oppositions to Plaintiffs' Consolidated Motion for Preliminary Injunction (Dkt. #72).[1] Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

On May 29, 2026, Plaintiffs filed their Consolidated Motion for Preliminary Injunction (the "Preliminary Injunction") (Dkt. #43). Under Local Rule CV-7(e), a party opposing a motion has 14 days to respond. LR CV-7(e). Defendants' oppositions were therefore due June 12, 2026. However, on June 9, 2026, Defendants 80Mills LLC, Pearson Gardner, Hanes Tactical LLC, Damion Bennett, DNT LLC, Zach Morrow, Harrison Gunworks LLC, Tyler Harrison, Steven Nguyen, and Z3 Productions, LLC (collectively, "Certain Defendants") asked the Court to order the parties to submit an agreed proposed scheduling order or competing proposed scheduling orders for the preliminary injunction proceedings (the "Motion for Scheduling Order) (Dkt. #52 at p. 2). On July 2, 2026, Plaintiffs filed a Notice of Non-Opposition and Ripeness Regarding the Motion for Preliminary Injunction (Dkt. #60). Plaintiffs noted that Defendants had not filed their response, making the Preliminary Injunction "unopposed and ripe for ruling" (Dkt. #60 at p. 3) (citing Local Rule CV-7(d) for the proposition that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion"). The Certain Defendants filed their oppositions to the Preliminary Injunction on August 18, 2026, 67 days after their

[1] Because substantively identical documents were filed in each of the cases in the above styled caption, for ease of reference the opinion refers to documents filed in Case No. 4:26-cv-369.

deadline, before the Court ruled on the Motion for Scheduling Order (Dkt. #52; Dkt. #67). The Certain Defendants did not respond to Plaintiffs' Notice of Non-Opposition.

On August 20, 2026, Plaintiffs moved to strike Defendants' oppositions to the Preliminary Injunction as untimely (Dkt. #72). On August 27, 2026, Defendants filed an opposition to Plaintiffs' motion to strike (Dkt. #74). On September 3, 2026, Plaintiffs replied (Dkt. #76); On September 11, 2026, Defendant filed a sur-reply (Dkt. #77).

## LEGAL STANDARD

Under Rule 6(b)(1), a court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." FED. R. CIV. P. 6(b)(1)(A). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, No. 14-cv-1204, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (4th ed. 2023)).

However, when a request for extension of time comes "after the time has expired," the Court may extend a deadline only "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(A). In making that finding, courts in this Circuit weigh the danger of prejudice to the non-movant, the length of the delay and its potential effect on the proceedings, the reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006). A court's inherent authority over its docket permits it to "strike material from the docket, including portions of a document, reflecting procedural impropriety or lack of compliance with court rules or orders."

*Rashid v. Delta State Univ.*, 306 F.R.D. 530, 535 (N.D. Miss. 2015) (quoting *Jones v. Metro. Life Ins. Co.*, No. C-08-03971, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010)).

**ANALYSIS**

Certain Defendants filed a Motion for Scheduling Order, invoking Rule 6(b)(1)(A) which permits the Court, for good cause, to extend the time in response to a request made before the original time expires (Dkt. #52 at p. 5). The Motion for Scheduling Order was filed before Certain Defendants' deadline to respond to the Preliminary Injunction (Dkt. #52). Plaintiffs argue that this Motion for Scheduling Order was not a proper request to the Court to "extend the time" to act but merely asked the Court to order a conferral process to propose a briefing schedule (Dkt #72 at p. 3). The Court disagrees with Plaintiffs. The Motion for Scheduling Order clearly seeks an extension of time (Dkt. #52). The Motion for Scheduling Order asks the Court "for a brief, defined pause so the parties can coordinate a workable procedure for Rule 65 briefing and any related PI discovery" and identifies Certain Defendants' purpose in filing the Motion for Scheduling Order to extend the default opposition period because it is "unworkable" (Dkt. #52 at p. 3). Certain Defendants note that the proposed scheduling order would address "opposition and reply deadlines" (Dkt. #52 at p. 8). Thus, the Court finds that Certain Defendants filed the Motion for a Scheduling Order before the deadline to respond to the Preliminary Injunction. Therefore, the Rule 6(b)(1)(A) standard applies. FED. R. CIV. P. 6(b)(1)(A).

Certain Defendants argue they established good cause for an extension because of the volume and breadth of Plaintiffs' Preliminary Injunction brief (Dkt. #66 at p. 4). Plaintiffs' brief in support of their consolidated PI sought an injunction on five patents and 34 claims against 13 defendant groups and multiple products (Dkt. #66 at p. 4). The Court agrees that the

circumstances set forth in the Motion for Scheduling Order established good cause to extend the deadline. Accordingly, the Court will deny Plaintiffs' Motion to Strike.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Strike Defendants' Untimely Oppositions to Plaintiffs' Consolidated Motion for Preliminary Injunction (Case No. 4:26-cv-380, Dkt. #71; Case No. 4:26-cv-377, Dkt. #82; Case No. 4:26-cv-369, Dkt. #72; Case No. 4:26-cv-379, Dkt. #65; Case No. 4:26-cv-425, Dkt. #61; Case No. 4:26-cv-367, Dkt. #76) is hereby **DENIED.**

It is further **ORDERED** that Plaintiffs shall have 14 days from the date of this Order to file their reply in support of the Preliminary Injunction Motion.

It is further **ORDERED** that Certain Defendants shall have 7 days from the filing of Plaintiffs' reply to file their sur-reply.

**IT IS SO ORDERED.**

**SIGNED this 25th day of November, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE